## BAKER vs. CALVERT & THOMPSON.

The Circuit Court has no jurisdiction to try, as an appeal case from a justice of the peace, where only a copy of the judgment and the note sued on are filed: but should either dismiss the case, or upon proper showing cause the justice rendering the judgment, or his successor, or other person having custody of his docket, to certify a full transcript of the record.

*Writ of Error to the Circuit Court of Polk County.*

Hon. SHELTON WATSON, Circuit Judge.

Mr. FOWLER, for the plaintiff, referred to *sections* 181, 182, *chap.* 95, *Digest; Watts vs. Hill*, 2 *Eng.* 203.

Mr. Justice WALKER delivered the opinion of the Court.

It appears from the transcript sent from the Circuit Court, that a paper, of which the following is a copy, was placed upon the files of that court and docketed as an appeal case from a justice s court:

"CALVERT & THOMPSON vs. B. R. BAKER.

Came to hand July the 18th, 1840. Judgment against B. R. Baker for debt and damages and costs.

| | |
|---|---|
| Debt, | $31 50 |
| Justice's fees, | 1 00 |
| Constable's fees, | 3 50 |

JOHN DAUGHERTY, *J. P.*"

And with this paper was also filed a writing obligatory, of which the following is a copy:

"One day after date, I promise to pay Calvert & Thompson, or order, thirty-one dollars and fifty-one cents, to bear ten per cent. interest until paid, for value received. Given under my hand and seal, January, 1st, 1840.

B. R. BAKER," [SEAL.]

These two papers, without certificate or evidence of authenticity, seem to have been taken and acted upon by the Circuit Court as an appeal case, certified from a justice's court to that court.

The paper copied above, in its present condition, is evidence of nothing. We may infer from it that a proceeding had been instituted before the justice, in which judgment had been rendered, and costs to the justice and constable had accrued. The note was the proper subject of litigation before a justice's court, and judgment may have been rendered upon it in that court, and an appeal prayed and taken to the Circuit Court; but if such was the fact, there is no evidence of it furnished by the record. The Circuit Court clearly had no jurisdiction of it, as an appeal case,

and should have ordered it stricken from the docket, unless upon petition, and a proper showing, that a judgment had been rendered in the justice's court, and an appeal prayed and granted, the court should in its discretion have retained the case, and ordered the justice to certify a perfect record of the proceedings in his court. This, it seems, the Circuit Court did, upon the motion of the appellant, but upon what showing, does not appear. The justice, however, failed to respond to the rule; and after repeated efforts, on the part of the appellant, to have the appeal perfected, all of which failed, and without having taken any steps to compel the justice to respond to the rule, the Circuit Court assumed jurisdiction of the case, and rendered judgment against the appellant, for the amount of the note, with interest and costs. In this, we think the Circuit Court erred.

That court could render no judgment until after it had acquired jurisdiction of it as an appeal case; and the jurisdiction of the court was only retained upon the suggestion of a diminution of record, for the purpose of compelling the justice to send up the judgment and appeal, if in fact, as suggested, such was the fact. The Circuit Court, therefore, should in its discretion either have compelled the justice to respond to the rule, or have dismissed the proceedings for want of jurisdiction.

The judgment of the Circuit Court must be reversed, and the cause remanded with instructions to that court to enforce the rule upon the justice, and compel him to certify the true state of the records and proceedings had before him; so that it may determine whether it has jurisdiction of the case or not; and, if so, proceed to try the case upon its merits. So long as the justice is within reach of the process of the court, he may, and should be compelled to respond to the rule, or if it should be made appear that he is out of office, or beyond the reach of the process of the court, then the process may be directed to his successor, or other person in custody of the justice's docket, or the rule discharged, and the case dismissed for want of jurisdiction.