HOWELL *v*. WALKER.

Opinion delivered December 9, 1918.

1. APPEAL AND ERROR—SUPERSEDEAS BOND—LOSS OF LIVE STOCK.—Where appellant considered the live stock on which the court declared a lien to be insufficient in value to warrant a bond under Kirby's Dig., § 1218, to supersede the entire judgment, and therefore gave bond under Kirby's Dig., § 1222, and retained the property, appellant and his surety took the risk of the stock dying, and, if unable to return the stock, must account for the value thereof.

2. SAME—REVIEW—NECESSITY OF OBJECTION.—Where no motion was made in a suit in equity to transfer it to the law court, it is unnecessary to decide on appeal whether this should have been done.

Appeal from St. Francis Chancery Court; *E. D. Robertson,* Chancellor; affirmed.

*Walter Gorman,* for appellants.

1. The complaint alleged no grounds of chancery jurisdiction. The demurrer should have been sustained. Const., art. 7, § 11.

2. There was no breach of the supersedeas bond, and plaintiffs are not entitled to recover. 111 Ark. 362. The bond was discharged. 2 Cyc. 938; 22 N. Y. Civ. Pro. 290; 19 N. Y. Supp. 844; 46 N. Y. State, 917; 29 Ark. 480; 95 *Id.* 308. See also 59 Ark. 32.

3. There is no affirmance if a case is referred back for the amount to be fixed, or if a different decree is rendered by the Supreme Court, nor where there is an intermediate reversal. 2 Cyc. 936-938. The condition of the bond was an *affirmance of the decree appealed from.*

4. The death of the animals before the new decree, though no fault of defendants was an act of God and rendered it impossible to perform the condition. The value of these animals should therefore be credited. 12 Wend. (N. Y.) 590; 1 A. & E. Enc. 600; 23 Ark. 415.

5. As to the Grobmeyer mortgage, the $319.93 paid should be applied as a credit on the $621.

*R. J. Williams* and *J. W. Morrow,* for appellees.

1.  This court on the former appeal decided that the Grobmeyer mortgage covered the substituted mule "Tobe," that the Beck mortgage covered the increase and secured only the account of 1909 and not 1910 and that the Beck and Grobmeyer mortgages were superior to the mortgage to Fussell-Graham-Alderson. The cause was remanded with directions to foreclose the Grobmeyer mortgage on the two head of stock and "also foreclosing so much of the original Beck mortgage as includes the account of 1909." 111 Ark. 362. The chancery court rendered a decree foreclosing the Grobmeyer mortgage on "Charlie" and the substituted mule and returned the case to determine the amount of the debt of 1909 secured by the Beck mortgage. This decree was paid and satisfied. On November 29, 1915, the court decreed the foreclosure of the Beck mortgage for the 1909 debt of $767.38 and gave judgment for the 1910 account, $638. Defendant again appealed and the decree was affirmed. 189 S. W. 1089.

2.  The court had jurisdiction. 4 C. J., par. 3424; 10 R. C. L. 120.

3.  The bond was not released by the reversal in Supreme Court. This court ordered the lower court to enter judgment for the Grobmeyer note and the 1909 and 1910 accounts. The bond was conditioned to perform any judgment the Supreme Court rendered or ordered rendered.

4.  The death of the animals did not relieve the makers of the supersedeas bond. They undertook to return the stock or pay the judgment in money. Shinn on Replevin, § 862.

5.  Defendants are not entitled to credit for the payment on the Grobmeyer debt. The $257.51 paid did not satisfy the mortgage. No stock in the Grobmeyer mortgage was represented as a value in the bond. It had no connection with the bond. The substituted mule was not ordered foreclosed by the decree they appealed from. The horse "Charlie" was ordered foreclosed, but

the court found that he represented no value in fixing the bond and the appraisement shows that only the property covered by the Beck mortgage was considered when the amount of the bond was fixed. The property covered by the Beck mortgage was of the appraised value of $621, the amount of the bond. The only defense to the bond is that appellants have turned over all the property and that the debt has been reduced to a sum below the undertaking.. The decree is right and should be affirmed.

SMITH, J. The present litigation is a continuation of the case of *Howell* v. *Walker,* reported in 111 Ark. at page 362, and of the case found in 126 Ark. 197, on the second appeal. As appears from the statement of facts in those opinions, appellees had become the owners of two mortgages executed by appellants, one being known as the Grobmeyer mortgage, the other as the Beck Company mortgage. Appellants had also executed a mortgage on the property described in the Beck Company mortgage to the Fussell-Graham-Alderson Company, and there was a question of priority between the Beck Company and the Fussell-Graham mortgages. There was also a question as to the indebtedness secured by the Beck Company mortgage, and as to whether the Grobmeyer mortgage included a mule which had been substituted for another mule, named Tobe, which had been embraced in the Grobmeyer mortgage. These questions were submitted to and adjudged by the court below, and were reviewed by us in the opinion appearing in 111 Ark. 362. We held in that case that the Beck Company mortgage did not include advances made for the year 1909, and our opinion directed the foreclosure of the Beck mortgage only so far as it covered the 1909 advances. The account had not been so kept that we could ascertain the amount of the advances for that year as distinguished from those subsequently made, and it was, therefore, ordered that the court below ascertain the amount of the 1909 advances, to the end that the property described in the Beck Company mortgage might be sold in satisfaction thereof. The cause was further heard, and, on November 29, 1915,

the amount of that indebtedness was found to be $767.38, and that finding was affirmed by us on the second appeal. *Howell* v. *Walker, supra.*

Pending this first appeal, the appellant gave a supersedeas bond which contained the following, among other conditions: "* * * (appellants) hereby covenant with the said appellees that the said appellants will pay to the said appellees all costs and damages that may be adjudged against the appellants on the appeal, or, in the event of the failure of the appellants to prosecute said appeal to final judgment in the Supreme Court, if said appeal shall for any cause be dismissed, the said sureties shall pay to the appellees all costs and damages, and shall perform the judgment of the court appealed from; also that the appeal shall be prosecuted without delay; also that they will satisfy and perform the judgment of the court appealed from, in case it shall be affirmed, and any order or judgment which the Supreme Court may render, or order to be rendered by said St. Francis Chancery Court, not exceeding the said value of said property as ascertained and fixed in said decree, should the sum not be forthcoming pursuant to the order or judgment of the court, together with the usable value of said property pending the appeal, and all costs which may accrue by reason of the appeal."

The appellants evidently felt that the property on which the court had declared a lien was not of sufficient value to warrant them in giving a bond to supersede the entire judgment, under section 1218, Kirby's Digest, so they applied to the court to have the property appraised, as provided for in section 1222, Kirby's Digest. The court appointed appraisers—the appellant, J. O. Howell, being one of them—for this purpose, who appraised each horse and mule, and the farming tools, and the wagon and harness, separately, and the value thus found was $621, and a bond was executed for this amount, and the usuable value and the costs of suit, as above shown.

After the balance due on the Beck Company mortgage had been finally ascertained, and that finding af-

firmed by us, this suit was brought against the sureties on
the supersedeas bond, and, upon the trial of that cause,
testimony was taken showing the usable value of the
stock to be $79, and a decree was rendered for the sum
of $800, and interest thereon, and this appeal has been
prosecuted to reverse that decree. In opposition to the
rendition of this decree in the court below and to its af-
firmance here, it was shown, and is now insisted, that cer-
tain of the mules had died pending the appeal, and they
could not, therefore, be delivered in satisfaction of the
decree, and that the sum received from the sale of the
property conveyed in the Grobmeyer mortgage should
be applied to the satisfaction of the supersedeas bond.
But it is chiefly insisted that the chancery court was with-
out jurisdiction to render judgment on the supersedeas
bond.

Liability on the bond could not be discharged *pro
tanto* by the death of one or more of the mules. In super-
seding the decree and thereby retaining possession of
the live stock, the principal and the surety on the super-
sedeas bond took upon themselves all risk of the death
of the animals, and, if they are now unable to return
them, they must account for their value.

In regard to the Grobmeyer mortgage, it may be
said that the stock there described was not taken into
account in the appraisal, and has no connection with the
value represented by the bond. And, while it is true
that the Grobmeyer mortgage has been satisfied by the
sale of the property there conveyed, there is still due a
sum in excess of the amount of the supersedeas bond.

No motion was made in the court below to transfer
this cause to the law court, and it is unnecessary, there-
fore, to decide whether this should have been done. The
appellant filed a demurrer to the complaint and later an
answer setting up the defense herein stated. The com-
plaint stated a cause of action, and was not, therefore,
demurrable. Appellees were entitled to have the provi-
sions of the supersedeas bond enforced. No offer to
satisfy the bond was made by returning the stock, and

appellees were, therefore, entitled to have judgment for the appraised value of the stock and for its usable value, and the decree to that effect is affirmed.