# SEARCY STEEL COMPANY v. MERCANTILE BANK OF JONESBORO, ARKANSAS

CA 86-50                                                719 S.W.2d 277

Court of Appeals of Arkansas
Division II
Opinion delivered November 12, 1986

*Hatfield, Robinson, Hodges, Marshall, Jordan & Shively*, by: *Steven B. Jordan*, for appellant.

*Walker, Snellgrove, Laser & Langley*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Searcy Steel Company appeals from an order of the circuit court holding that service of their writ of garnishment upon Mercantile Bank of Jonesboro was not proper and therefore the bank had no obligation to respond to

the writ. Appellant contends that the trial court erred in ruling that the writ was not properly served and denying it judgment against the appellee in the amount of the judgment debtor's deposit with appellee on the date the writ of garnishment was served. We agree.

This case was submitted to the trial court on a stipulation of fact. It was stipulated that on July 16, 1982, the appellant obtained a judgment against Big Mac Construction Company in the amount of $78,288.00 plus interest. On July 27, 1982, a writ of garnishment in proper form was issued by the clerk of the Craighead County Circuit Court naming the appellee as garnishee and containing the required allegations and interrogatories concerning appellee's indebtedness to the judgment-debtor. The Craighead County Sheriff attempted to serve the writ on the appellee on July 27, 1982, by delivering a copy to an employee of the appellee. It was stipulated that that employee was a part-time employee with a job in "marketing, development, and public relations," a position he had occupied for approximately five years. According to the stipulation, the employee, Hugh Atwood, had all the appearances of a corporate officer but was not one, and had never been given specific written or oral authorization to accept service on behalf of the appellee.

It was further stipulated, however, that on at least four prior occasions the sheriff's office had served writs of garnishment on appellee by delivering the documents to Atwood and that on each of those occasions the bank had filed responsive pleadings.

It was further stipulated that when service was attempted the judgment-debtor had monies deposited in the appellee bank totalling $72,666.91. On the same day the writ of garnishment was presented to the bank, the judgment-debtor filed a supersedeas bond pursuant to Rule 8 of the Arkansas Rules of Appellate Procedure and obtained an order superseding the judgment entered in the circuit court.

Although service of the writ was had upon Atwood, its delivery was known to the president and chief executive officer of appellee within a short period of time after the attempted service and a hold was placed upon the debtor's bank accounts. Copies of the supersedeas documents were also delivered to appellee's president shortly after they were filed. The following morning,

appellee's president issued a memorandum instructing the appellee's employees to "release the hold on the two accounts in the name of the judgment-debtor," stating as his reason that the order for supersedeas cancelled the writ of garnishment and allowed the accounts to proceed as if they had never been garnished. Pursuant to the memorandum, the hold on the judgment-debtor's accounts was released and the accounts were thereafter completely depleted. No response was filed by the bank to the writ of garnishment. It was further stipulated that the judgment-debtor's appeal from the judgment was dismissed in January of 1983 for failure to file a timely record and that the judgment-debtor and his surety on the supersedeas bond became bankrupt on February 22, 1983, and were subsequently discharged in bankruptcy. No payments on the appellee's judgment were made through the bankruptcy court or otherwise. On these stipulated facts the trial court held that the writ had not been properly served upon the appellee; that the delivery of the writ to Atwood did not constitute service of process; and that appellant should take nothing from the appellee by virtue of the writ.

Appellant does not contend that Atwood was a proper person to receive service of the writ on the corporation under the provisions of ARCP Rule 4(d)(5) or any applicable statute referred to in that rule. He clearly was not. Appellant argues that as Mr. Atwood had at least apparent authority, the service should be sustained. The view we take of the case does not require us to address that issue.

Our court has declared that writs of garnishment must meet all the requirements applicable to summonses in civil cases, both as to the formalities of its issuance and the extent that it gives notice which is reasonably calculated to make the defendant aware of his duty to take action or risk entry of a default judgment. *Terminal Truck Brokers* v. *Memphis Truck & Trailer, Inc.*, 279 Ark. 427, 652 S.W.2d 34 (1983); *Tucker* v. *Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982). Here it was stipulated that the writ of garnishment met those requirements and was in proper form duly issued by the clerk of the court rendering the judgment. The only argument advanced is that there was a defect in the service of the writ upon the appellee. It has long been a well-settled general rule that any objection to irregularities or defects in the service of process is waived unless

made properly and diligently and that defective service of process may be sufficient to constitute legal notice of a suit and support a judgment therein so long as the service actually gives the party served notice of the proceedings. Irregularity in service of process may make a judgment voidable but not void. *Pender* v. *McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979). Defects in the service thereof are cured or waived by appearance of the defendant without raising an objection and he is precluded from thereafter taking advantage of the defect. *Id.*

Prior to the adoption of our present rules of civil procedure, objections to defects in service or process were required to be made by special appearance, and any subsequent appearance or pleading which did not preserve the special nature of the appearance was deemed an entry of appearance for all purposes. Our present ARCP Rule 12(b) requires that every defense in law and in fact to the claim for relief shall be asserted in a responsive pleading if one is required, except that certain listed defenses, including lack of jurisdiction over the person, may be made by motion. It further provides that no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. Commentary to this rule points out that the distinction between general and special appearance is abolished and that it is not now necessary to make a "special appearance" in order to challenge the jurisdiction of the person, process, or venue.

Although that distinction has now been relaxed or abolished, it does not mean that the question must not still be specifically raised in the trial court. ARCP Rule 12(h)(1) provides that the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process are waived if they are neither made by motion under this rule nor included in the responsive pleading or amendment thereto.

The record submitted to us does not contain any of the pleadings. It contains only the stipulation of the parties, judgment of the trial court, and the notice of appeal. It was conceded by appellee in oral argument, however, that no motion questioning the service of process or jurisdiction of the person was ever filed in the trial court.

The stipulation of fact filed in this case contains the following statement: "Comes now the plaintiff, Searcy Steel Company, and the garnishee, Mercantile Bank of Jonesboro, Arkansas, who stipulate that the plaintiff's claim against the garnishee should be submitted to the court on the following facts: . . . ."

We conclude that the appellee waived any defect or irregularity in the service of process both by its failure to file a motion to dismiss for lack of jurisdiction of the person under Rule 12(b) and (h) and by submitting the case to the court on the merits without having filed such a motion. By the failure to move to dismiss, the defects were waived and, by submitting the case to the court on the merits, the appellee submitted itself to the jurisdiction of the court for all purposes.

The appellee contends that, even if service of the writ is deemed waived, the trial court's declaration that appellant take nothing under its writ is correct for another reason. Appellee argues that the supersedeas issued by the clerk of the court had the effect of releasing and discharging the lien of the writ.

The effect of a supersedeas on a judgment was discussed by our court as early as *Fowler* v. *Scott*, 11 Ark. 675 (1850), which declared that the function of a supersedeas is to stay the execution of the judgment pending the period it is superseded, but the validity of the judgment is not effected by the stay. It is merely a legal prohibition from execution on the judgment until that prohibition has been removed by operation of law or a judgment of the supreme court. In *Miller* v. *Nuckolls*, 76 Ark. 485, 89 S.W. 88 (1905), the court reaffirmed its declaration in *Fowler* and restated that the supersedeas does not have the effect of vacating the judgment but only stays proceedings to enforce it.

Neither party has cited us a case from this jurisdiction in which a declaration has been made of the effect of a supersedeas on a writ of execution or garnishment which was served before the supersedeas was issued. Appellee cites cases from several sister states which have held that the supersedeas serves to discharge the lien of such a writ previously served. From our examination of the cases, this rule is a minority view and in some cases was mandated by statutory enactments modifying common-law rules.

From our examination of the cases cited in an annotation at 90 A.L.R.2d 483 (1963), we conclude that the better-reasoned rule to apply is that stated in 4A C.J.S. *Appeal & Error* § 667 (1957), as follows:

> At common law a supersedeas does not destroy the lien effected by the previous levy of an execution or effect a stay of further proceedings thereon; but, under the statutes providing for the allowance and perfecting of a supersedeas on the execution of a prescribed bond, the common-law rule and the theory that the levy and sale under an execution are indivisible and that the execution must be regarded as fully executed from the time of the levy are changed, and the general rule now is that a supersedeas becomes effective notwithstanding a levy, and stays further proceedings thereunder, or the court, either trial or appellate, may, in its discretion, make an order recalling or staying proceedings under the execution until the determination of the appeal or writ of error.

The view we take is that the issuance of a supersedeas does not have the effect of vacating the judgment but only stays proceedings thereunder to maintain the status quo until the legal prohibition contained in the supersedeas has been removed. If no writ for the execution of the judgment has been issued at the time the supersedeas is filed, no writ may be issued. If, at the time the supersedeas becomes effective, the lien of a writ has already attached, it has only the effect of prohibiting further proceedings to enforce the lien.

When the judgment-debtor's appeal was dismissed, the prohibition of the supersedeas against further proceedings under the writ of garnishment was removed. Ark. Stat. Ann. § 31-507 (Repl. 1962) provides that where a banking institution fails to answer a writ of garnishment before the return day, judgment shall be entered for an amount not exceeding the full amount of the judgment and also not exceeding the amount in which the garnishee was indebted to the judgment-debtor at the time the writ was served and thereafter up to the return date. As it was stipulated that at the time the writ was served appellee was indebted to the judgment-debtor in the amount of $72,266.91, judgment should have been entered for that amount. The order

appealed from is reversed and the cause remanded with directions to enter a judgment not inconsistent with this opinion.

CORBIN and MAYFIELD, JJ., agree.