Felver A. ROWELL, Jr. *v.* WHITE & ASSOCIATES, INC. d/b/a Express Service

90-98                                          788 S.W.2d 489

Supreme Court of Arkansas
Opinion delivered May 7, 1990

*Felver A. Rowell, Jr.*, for appellant.

*Pate & Gunn*, by: *James R. Pate*, for appellee.

OTIS H. TURNER, Justice. This case is appealed from a judgment entered in circuit court but arises from an appeal from municipal court and presents a question of procedure.

The appellee, White & Associates, Inc., doing business as Express Service, brought this action in the municipal court of Russellville, Pope County, for collection of a $665.50 debt from the appellant, Felver A. Rowell, Jr., a resident of Conway County. Service was directed to the appellant at his Morrilton address.

█ The appellant answered and raised the obvious jurisdictional issue by his motion to dismiss, which was denied. The appellant never again raised or pursued that issue and does not raise it on appeal. A lack of jurisdiction of the person may be waived. *See Searcy Steel Co. v. Mercantile Bank of Jonesboro,* 19 Ark. App. 220, 719 S.W.2d 277 (1986). We find it to be waived in this instance.

The appellant then filed in the municipal court a counterclaim for $50,000, alleging abuse of process.

The appellee moved to dismiss the counterclaim by a written motion with attached brief. The appellant did not respond to the motion, and after 20 days the municipal court granted the dismissal and set the case for hearing on the complaint.

Again, the appellant did not appear on the date set for the hearing, and judgment was entered for the appellee in the amount of $665.50 with interest of $56.70 and attorney's fees of $600.

The appellant then perfected an appeal to the circuit court of Pope County but failed to further pursue the appeal. The appellee was again awarded judgment, interest, and attorney's fees. It is from that order of the circuit court that this appeal is taken. We affirm the judgment of the circuit court.

The appellant argues two points for reversal: first, that his counterclaim for abuse of process seeking $50,000 in damages divested the municipal court of jurisdiction; and, second, that the affirmance by the circuit court in accordance with a "local rule" without notice to the appellant was improper. We find both arguments to be without merit.

At first blush it appears that the facts of this case require the interpretation of ARCP Rule 13 and Inferior Court Rule 7 (concerning the jurisdiction of the municipal court) to finally determine the issues. However, the appellant's failure to respond to the appellee's motion to dismiss the counterclaim, and the subsequent dismissal by the municipal court, disposed of the jurisdiction problems. We regard the municipal court's dismissal of the counterclaim as though the court had disregarded the counterclaim pursuant to the provisions of Inferior Court Rule 7(b).

The appellant next complains that the circuit court of Pope County invoked "local rules" in the dismissal of his appeal. However, no such local rules are abstracted or included in the record. We consistently have held that we cannot decide matters that are not abstracted. Failure to comply with the abstracting requirements set forth in Rule 9 of the Rules of the Supreme Court mandates that we affirm the lower court's judgment. *Cozart* v. *Lewis*, 299 Ark. 500, 774 S.W.2d 127 (1989); *Jolley* v. *Hartje*, 294 Ark. 16, 740 S.W.2d 143 (1987).

Affirmed.

GLAZE, J., concurs.

GLAZE, J., concurring. I would affirm because appellant appealed his claim to circuit court where he was entitled to a *de novo* review. Because appellant defaulted and failed to raise the

issues now argued in this appeal, he is barred from doing so now.