Porter EVERETT, Mr. Bass of Arkansas, and Boat and Tackle Mart *v.* Mike WINGERTER

CA 91-231                                            816 S.W.2d 613

Court of Appeals of Arkansas
En Banc
Opinion delivered August 21, 1991

*Walter A. Murray*, for appellant.

*Dale West*, for appellee.

PER CURIAM. Porter Everett, Mr. Bass of Arkansas, and Boat and Tackle Mart have appealed from a judgment in favor of appellee Mike Wingerter in the amount of $3,458.00 plus costs. The judgment was not superseded, and appellee caused a writ of garnishment to be served on a banking institution, which has in its hands assets and things of value belonging to appellants. The garnishee is now holding those assets subject to further proceed-

ings to foreclose the lien of that attachment.

The transcript has now been lodged in this court. Appellants have filed with the clerk a cashier's check in the amount of $3,750.00 and petition us to approve the deposit as a supersedeas bond, authorize the issuance of an order staying all proceedings pending appeal, and direct the garnishee to release appellants' assets from the lien of the garnishment.

■ The issuance of an order staying proceedings pending appeal is governed by Ark. R. App. P. 8(c), which requires that one seeking such supersedeas file a bond having "such surety or sureties as the court may require." The rule further provides that the bond be to the effect that the appellant shall pay to the appellee all costs and damages, and otherwise perform the judgment or order, if the case is affirmed on appeal, or if the appellant fails to prosecute the appeal or it is dismissed. In *Ryder Truck Rental, Inc.* v. *Sutton*, 305 Ark. 374, 807 S.W.2d 909 (1991), the supreme court held that the language of the rule allows the court discretion as to the type of surety it will require for a supersedeas bond, and that sureties other than personal or corporate bonds may be considered, including a pledge of collateral so long as the property pledged is deemed of sufficient value to adequately secure the payment of the judgment. A pledge of cash in an amount sufficient to satisfy the judgment if affirmed on appeal is such an alternative to a personal or corporate bond. We therefore approve the cash bond and authorize the issuance of a supersedeas by the clerk.

■ Appellants' motion for an order directing the garnishee to release appellants' assets from the lien of the garnishment, however, is denied. The effect of a valid supersedeas bond does not have the effect of releasing the lien of prior attachments. Where, as here, the lien of the writ of garnishment has attached before a supersedeas bond is filed, the bond has only the effect of staying further proceedings to enforce the lien. *See Ryder Truck Rental, Inc.* v. *Sutton, supra.*