Sharon MARION *v.* TOWN and COUNTRY MUTUAL INSURANCE COMPANY

CA 97-162                                        952 S.W.2d 681

Court of Appeals of Arkansas
Division IV
Opinion delivered October 22, 1997

*Oscar Stilley*, for appellant.

*Randall Templeton*, for appellee.

SAM BIRD, Judge. Appellant Sharon Marion appeals the dismissal of her suit against Town and Country Mutual Insurance Company and the granting of Town and Country's motion for summary judgment. We find no error and affirm.

Appellant purchased a home from Jim Walter Homes a/k/a Mid-State Homes, Inc., and executed a promissory note to Mid-State Trust IV (Mid-State) on December 28, 1992, secured by a mortgage to Mid-State covering the purchased property. A foreclosure proceeding was commenced by Mid-State on September 29, 1995, that resulted in a default judgment being entered against appellant on December 14, 1995. Appellant contested the default foreclosure decree by motions challenging the validity of service of process, but she did not appeal from the court's entry of the foreclosure decree or the denial of her motions. The foreclosure sale was held on January 24, 1996, and the property was bought by Mid-State, the lienholder, for the entire balance owed by appellant on the note, including interest, costs, and fees. The sale was confirmed by the court on April 8, 1996, and a commissioner's deed conveying the property to Mid-State was executed and filed the following day. Subsequently, appellant filed a notice of appeal and supersedeas, and on April 25, 1996, the chancellor entered an order staying the judgment pending the appeal from the order confirming the commissioner's sale.

In the meantime, on January 26, 1996, appellant applied for homeowner's insurance from appellee, Town and Country Mutual Insurance Company. During the process of completing the application for insurance, appellant failed to mention to the insurance agent the pending foreclosure action or that Mid-State had

purchased the property at the foreclosure sale. The structure burned to the ground on July 22, 1996, as the result of an accidental fire. Appellant filed a claim and proof of loss with appellee. The claim was denied by appellee for two reasons: material misrepresentation by appellant in the insurance application for failure to disclose the foreclosure action, and appellant's lack of an insurable interest in the property at the time of the fire.

Appellant filed suit against appellee and filed a motion for summary judgment. Appellee filed a motion to dismiss and a motion for summary judgment. Mid-State filed a motion to intervene and appellee responded in opposition to it.

No formal hearing was held, and all the issues were presented to the court on the pleadings and briefs. Appellant's motion for summary judgment was denied. Appellee's motions to dismiss and for summary judgment were granted, without explanation. Mid-State's motion to intervene was not addressed.

On appeal appellant first argues that the trial court erred in dismissing her complaint on the grounds that she had no insurable interest in the property. Insurable interest is defined in Ark. Code Ann. § 23-79-104 (Repl. 1992):

> 23-79-104](a) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured at the time of the effectuation of the insurance and at the time of the loss.

> 23-79-104](b) "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

Appellant contends that at the time she applied for the insurance, she had an insurable interest in the property because she was living in the home, and Mid-State had not yet received the commissioner's deed. She says that as soon as the sale was confirmed by the court and the commissioner's deed was executed, she filed a supersedeas, which she contends suspended the force and effect of the foreclosure judgment. Thus, she argues that because she still had the right to possession and Mid-State could not get a writ of

assistance, she had an insurable interest at the time of the fire. Furthermore, she argues that she was bound by her bond to pay all costs and damages if she were eventually successful in the prosecution of her appeal from the foreclosure-sale confirmation order.

■ Arkansas Code Annotated section 23-79-104 requires that, for the insurance policy to be enforceable, an insurable interest in the insured property must exist both "at the time of the effectuation of the insurance and at the time of the loss." We do not agree with appellant's argument that she had an insurable interest in the property when the fire occurred on July 22, 1996.

In *Fleming v. Southland Life Ins. Co.*, 263 Ark. 272, 564 S.W.2d 216 (1978), an appeal involving a mortgage-foreclosure action, our supreme court held that where the mortgagor has waived his statutory right of redemption, a judicial sale is complete upon confirmation of the sale, and the mortgagor's right of redemption terminates at that time (although it may be be terminated even sooner if so specified in the foreclosure decree).

In *Adams v. Allstate Ins.*, 723 F. Supp. 111 (E.D. Ark. 1989), a fire occurred after a foreclosure sale but before approval of the sale by the state court. The appellate court held that the foreclosure did not affect appellant's interest in the property because it was not yet final and that Adams retained an insurable interest in the residence until the commissioner's sale was approved by the state court. Of course, *Adams* is factually distinguishable from the case at bar because here the fire did not occur until more than three months after the sale had been confirmed and after the commissioner's deed had been delivered to Mid-State, the buyer at the foreclosure sale.

■ The authority referred to above is controlling in this case. The confirmation of the foreclosure sale and the delivery of a commissioner's deed to the buyer had the effect of terminating appellant's insurable interest in the property. This holding is also in accord with *Jones v. Texas Pac. Indem. Co.*, 853 S.W.2d 791 (Tex. Ct. App. 1993), wherein the appellate court affirmed the trial court's order granting appellee insurance company's summary-judgment motion on the grounds that appellants, the former owners, became "tenants at sufferance" following a mortgage

foreclosure and had no insurable interest in their dwelling at the time of the fire because (1) they were subject to immediate eviction; (2) they had no future legal interest in the dwelling; (3) they had diminished motive to protect the property; (4) they did not suffer any pecuniary loss; and (5) they did not receive any benefit from the dwelling, even though they were still living there.

Also, we do not agree with appellant that the filing of a notice of appeal and a supersedeas bond in the foreclosure action had the effect of extending her insurable interest beyond the confirmation of the foreclosure sale. This argument disregards the function and effect of the supersedeas. As stated by this court in *Searcy Steel Co. v. Mercantile Bank of Jonesboro*, 19 Ark. App. 220, 719 S.W.2d 277 (1986):

> The effect of a supersedeas on a judgment was discussed by our court as early as *Fowler v. Scott*, 11 Ark. 675 (1850), which declared that the function of a supersedeas is to stay the execution of the judgment pending the period it is superseded, but the validity of the judgment is not effected [sic] by the stay. It is merely a legal prohibition from execution on the judgment until that prohibition has been removed by operation of law or a judgment of the supreme court. In *Miller v. Nuckolls*, 76 Ark. 485, 89 S.W. 88 (1905), the court reaffirmed its declaration in *Fowler* and restated that the supersedeas does not have the effect of vacating the judgment but only stays proceedings to enforce it.

19 Ark. App. at 225, 719 S.W.2d at 280.

The position taken in *Searcy Steel Co.*, *supra*, was reaffirmed by this court in *Everett v. Wingerter*, 35 Ark. App. 139, 816 S.W.2d 613 (1991); *see also Ryder Truck Rental, Inc. v. Sutton*, 305 Ark. 374, 807 S.W.2d 909 (1991).

At the time appellant filed her supersedeas and obtained the court order staying execution on the April 8, 1996, judgment, the court had already confirmed the foreclosure sale, the commissioner's deed had been executed and delivered, and title had passed to Mid-State. The supersedeas and stay order were effective only to prohibit further execution of the judgment by Mid-State and did not have the effect of nullifying the court's confirmation of the sale or the commissioner's deed that followed. For all intents

and purposes, title to the property was vested in Mid-State and appellant no longer had an insurable interest therein.

█ There is another reason appellant did not have an insurable interest in the property at the time of the fire. As stated above, at the foreclosure sale, Mid-State's bid for the property at the foreclosure sale was equal to the entire amount of appellant's debt to it, including principal, interest, costs, and fees. Upon confirmation of the sale, appellant's debt to Mid-State was thus fully extinguished. At that point, appellant no longer had an "actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance . . ." as required by Ark. Code Ann. § 23-79-104(b). Appellant's voluntary undertaking by her supersedeas to "deliver possession of the foreclosed property, and to pay all costs and damages for delay that may be adjudged against appellant on appeal . . ." cannot be used to bootstrap herself into having an insurable interest in property that she no longer owned, upon which she owed nothing, that she did not rent, and of which she was in possession solely by virtue of the court's stay.

█ Contrary to appellant's argument, the determination that appellant had no insurable interest in the property did not have the effect of rendering the property "totally uninsurable," nor did it necessarily leave Mid-State with an "uninsured dwelling" while appellant prosecuted her appeal. When the sale to Mid-State was confirmed and the Commissioner's deed delivered to it, Mid-State became the owner and it had an insurable interest in the property.

Because we find that appellant had no insurable interest in the property at the time of the fire, it is unnecessary to reach the other issues argued by appellant.

Affirmed.

ROGERS and ROAF, JJ., agree.