## WATTS *v.* BLAIR.

### Opinion delivered January 20, 1919.

1. MORTGAGES — BONA FIDE PURCHASER — POSSESSION AS NOTICE.— Where the grantees in a deed were the children of the grantor, residing with him on the premises at the time the deed was made, their subsequent continued possession was no notice to subsequent mortgagees who were innocent holders of negotiable paper secured by the mortgage.

2. SAME—FORECLOSURE—RIGHTS OF PURCHASER.—The purchaser of lands at a sale under decree of the chancery court is entitled to the protection which the holders of the respective mortgages foreclosed enjoyed.

Appeal from Searcy Chancery Court; *B. F. McMahan,* Chancellor; affirmed.

*E. C. Mitchell,* for appellant.

1. The land in controversy being the homestead of H. A. L. Watts, the execution and delivery of the deed

vested both the legal and equitable title in his children without reference to his creditors. 52 Ark. 101; 44 Ark. 180.

2. Neither Peter Adams and Asa Watts as first mortgagees nor Geo. T. Blair as second mortgagee, are *bona fide* purchasers, and are not entitled to protection as such. 102 Ark. 45; 27 Ark. 557-560; 105 Ark. 201.

3. Geo. T. Blair not being a *bona fide* purchaser for value under his mortgage is not protected by his purchase at the commissioner's sale. 32 Ark. 97; 32 Ark. 321.

*S. W. Woods*, for appellee.

1. Appellee was a *bona fide* purchaser of the land for value and entitled to protection. 107 Ark. 314; 56 Ark. 239; Tiedemann on Real Property, Sec. 816; 54 Ark. 273; 49 Ark. 207. The notes being negotiable promissory notes the holders were protected. 102 Ark. 45; 102 Ark. 422; 102 U. S. Rep. 14; 113 Ark. 120.

2. The record title was in H. A. L. Watts, he was in the actual possession, cultivating and claiming the lands as his, and Blair was not required to make inquiry as to the validity of his title. 49 Ark. 207; Tiffany on Real Property, Sec. 480; Devlin on Real Estate, Vol. 2, Sec. 745; 56 Ark. 289; 198 S. W. 689.

The presence of the minor children on the land was not notice that they owned or claimed any interest in the lands. 107 Ark. 314; 49 Ark. 207; Cyc., Vol. 39, p. 1761 (C. C.); Tiffany on Real Property, Sec. 480.

In order to give notice of claim of title to land the possession must be open, distinct, exclusive and unequivocal. Devlin on Real Estate, Vol. 2, Sec. 769; 107 Ark. 314.

3. The claim of the Watts children to the land as a gift from their father must yield to the title of Blair because he had no notice of their claim nor any facts to put him on inquiry. He was a *bona fide* purchaser for value. Cyc., Vol. 39, p. 1776, par. 5; Devlin on Real Estate, Vol. 2, Sec. 730, and notes.

McCULLOCH, C. J. This case involves a controversy concerning the title to a certain tract of land in Searcy County, formerly owned by H. A. L. Watts, one of the appellants, who conveyed the same to his children, the other appellants, by deed executed September 1, 1909. The lands constituted the homestead of Watts and he and his children, who were grantees in the deed, remained in possession without any visible change in the original possession until the time of the commencement of the present suit, but the deed to the children was never recorded until after appellee acquired an interest in the land, as will hereinafter appear.

In the year 1913 Watts executed a note to a local bank to secure a debt for borrowed money and appellee signed the note as his surety. Subsequently he executed another note with Peter Adams and Asa Watts as sureties. Watts defaulted in the payment of both of those notes. When the note on which Adams and Asa Watts were sureties fell due said sureties, pursuant to an agreement with H. A. L. Watts, paid the said note and the latter executed to the sureties a new negotiable promissory note for the amount of those advances, and also executed to them a mortgage on the lands in controversy to secure the payment of said notes. After the note on which appellee was surety fell due appellee paid the amount of that note pursuant to agreement with H. A. L. Watts, who executed to appellee a negotiable promissory note for that amount and also executed a mortgage on the lands in controversy to secure the payment of the notes. H. A. L. Watts defaulted in the payment of both of these notes, and a suit was instituted in the chancery court to foreclose both of the mortgages. There was decree of foreclosure, and a sale by the court commissioner, and appellee became the purchaser at the sale, and the sale was subsequently confirmed by the chancery court. The sale to appellee was confirmed by the chancery court on April 5, 1916, and on April 15, 1916, the deed of H. A. L. Watts to his children was filed for record. Appellee instituted this suit to recover the lands in con-

troversy and subsequently the cause was transferred to the chancery court, and progressed to a final decree in appellee's favor.

The testimony in the case shows that the sureties of H. A. L. Watts had no knowledge of the execution of the deed by the latter to his children at the time they accepted the mortgages from him. The children of H. A. L. Watts resided on the premises with him apparently. as members of his family as they had done before the execution of the deed to them, and their possession was therefore referable to that fact, and not to any claim of ownership. The fact that they occupied the lands in that way did not constitute notice of a claim of ownership or of such facts as would put purchasers on inquiry. The mortgagees were in fact innocent holders of negotiable instruments and were entitled to protection against the secret claim under the unrecorded deed executed by H. A. L. Watts. *White-Wilson-Drew Co.* v. *Egelhoff*, 96 Ark. 105; *Haldiman* v. *Taft*, 102 Ark. 45.

Appellee purchased the lands at a sale under the decree of the chancery court and is likewise entitled to the protection which the holders of the respective mortgages enjoyed.

Decree affirmed.