## POPE *v.* WYLDS.

### Opion delivered December 15, 1924.

MORTGAGE FORECLOSURE—REDEMPTION.—Where a decree of foreclosure of a mortgage provided that, upon report of sale and the confirmation thereof, all right and equity of redemption of the defendants should be barred, the defendant was entitled to redeem from the sale at any time before confirmation.

Appeal from St. Francis Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*S. S. Hargraves* and *John M. Prewett,* for appellant.

In the absence of fraud and unfairness, inadequacy of price, however gross, does not invalidate a sale. 20 Ark. 381; 44 Ark. 502; 65 Ark. 152; 74 Ark. 324; 108 Ark. 368. Where property has been struck off to the highest bidder by the court's commissioner, the bidder acquires vested rights which the courts must respect. 65 Ark. 152; 77 Ark. 216; 86 Ark. 258. Such a sale can only be set aside upon good and valid grounds. 99 Ark. 327; 86 Ark. 258. The right to redeem from the sale was cut off by the waiver expressed in the mortgage. 102 Ark. 649; 117 Ark. 417.

*Mann & Mann,* for appellee.

The chancery court did not err in allowing the appellee to redeem from the commissioner's sale. 73 Ark. 37; 133 Ark. 456. Only those who were parties to the suit when the decree was entered would have the right to perfect the appeal. 117 Ark. 394. The chancery court has no power to alter a decree after the expiration of the term at which the decree was entered. 135 Ark. 308; 139 Ark. 408. A litigant cannot accept benefits under a decree and, at the same time, appeal from it, or object to any of the provisions of the decree. 117 Ark. 481. A sale is not complete until confirmed by the court. 32 Ark. 391; 105 Ark. 261. Purchasers at judicial sales become parties to the suit and are bound by all subsequent orders of the court. 133 Ark. 332; 105 Ark. 261; 36 Ark. 591.

HUMPHREYS, J. This is an appeal from an order of the chancery court of St. Francis County refusing to confirm and setting aside a commissioner's sale of certain land, made under a decree of foreclosure in this suit. The plaintiff in the suit was the Guaranty Bank & Trust Company, and appellee and his wife were the defendants. Appellee had executed a second mortgage, in which his wife joined, on said land to the Guaranty Bank & Trust Company to secure a number of notes, subject to a first mortgage thereon in favor of said trust company for $3,500. The Guaranty Bank & Trust Company duly assigned the first mortgage to the Prudential Insurance Company of America. The second mortgage contained a written waiver of his equity of redemption and of his wife's dower and homestead interest in said land. Appellee made default in the payment of the notes secured by the second mortgage, and this suit was instituted to secure judgment against appellee upon the notes and to foreclose the second mortgage to pay same, subject to the first mortgage lien upon said land. Appellee did not appear in the suit, but made default, whereupon the chancery court rendered judgment against him in the sum of $1,062.06, with interest thereon at the rate of 10 per cent. per annum until the judgment should be paid, and decreed a foreclosure of the lien, and ordered a sale of the land, subject to the first mortgage lien, to pay said judgment. The decree contained the following paragraph:

"It is further considered, ordered, adjudged and decreed that, upon the report of sale and the confirmation thereof, all right and equity of redemption of the defendants, and each of them, and all right of dower and homestead of the said Anna Wylds, shall be forever barred and foreclosed."

Appellant herein purchased said land at the commissioner's sale, subject to the first mortgage owned by the Prudential Insurance Company of America, bidding therefor the amount of the judgment, interest and costs. After the sale, and before the confirmation thereof,

appellee filed a petition to set aside the sale and redeem the land. In keeping with his offer to redeem the land he tendered the amount of the judgment, interest and costs into court.

Appellant contends the trial court erred in setting aside the sale, for the reason that appellee did not allege or prove any misconduct or gross irregularities in making the sale, or that appellant purchased the land for a grossly inadequate price. It is true that the sale was regularly made and free from fraud, and that appellee bid a fair price for the land, but the sale was, according to the terms of the decree, a conditional one; the condition being that appellee might redeem the land from the sale before a confirmation thereof. This is the correct interpretation of the decree. It is unnecessary to determine whether the court erred in ordering a conditional sale of the land. The order of sale was final, and no appeal was taken therefrom. The appellant therefore bought the land subject to the condition in the decree, and must abide by appellee's right to redeem the land at any time before the confirmation of the sale by paying the judgment, interest and costs. The doctrine of *caveat emptor* applies.

No error appearing, the decree is affirmed.