JERMANY *v.* HARTSELL.

4-8676                                                216 S. W. 2d 381

Opinion delivered January 10, 1949.

*Wade Kitchens* and *W. H. Kitchens, Jr.*, for appellant.

*McKay, McKay & Anderson,* for appellee.

GEORGE ROSE SMITH, J. Jermany and his wife filed their verified complaint under Ark. Stats. (1947), § 29-506, seeking to set aside a foreclosure decree for unavoidable casualty which prevented their appearance. The chancellor sustained the appellees' demurrer to the complaint; from his order of dismissal comes this appeal. The only question is as to the sufficiency of appellants' pleading.

The complaint asserts unavoidable casualty in that neither Jermany nor his wife was served with summons or had any knowledge of the suit. These allegations are sufficient. *Hunton* v. *Euper,* 63 Ark. 323, 38 S. W. 517. While the foreclosure decree recited personal service on each defendant, such a recital may be shown to have been untrue. *Federal Land Bank* v. *Cottrell,* 197 Ark. 783, 126 S. W. 2d 279.

The appellees' principal contention is that the complaint failed to state a meritorious defense to the original action, as of course was necessary. *Federal Land Bank* v. *Cottrell, supra.* In this respect the pleading alleged that the foreclosure sale was held on November 19, 1943, and was confirmed on December 2 of that year. In the interim between sale and confirmation appellee Hartsell, who had purchased at the sale and whom the appellants treat as the actual mortgagee, sold timber from the lands for an amount more than sufficient to pay the debt. Appellants argue that he should have applied the proceeds of this sale in satisfaction of the debt. We think their position is sustained by the holding in *Hirsch* v.

*Perkins*, 211 Ark. 388, 200 S. W. 2d 796, where it was shown that the mortgagee had removed from the land an amount of personal property sufficient to satisfy all or part of the balance due. It was decided that this proof established a meritorious defense, as the mortgagor did not owe all the debt and may have owed none of it.

So here, if Hartsell had applied the proceeds of the timber sale to appellants' indebtedness, at least part of the obligation would have been paid. Although this timber transaction occurred between the foreclosure sale and its confirmation, this particular decree had provided that the appellants' title would be foreclosed and barred ''upon the sale of said lands . . . *and confirmation thereof* . . . '' When the decree is so worded the mortgagor's equity of redemption is not extinguished until confirmation. *Pope* v. *Wylds,* 167 Ark. 40, 266 S. W. 458.

The appellees also insist that the ostensible mortgagee, J. W. Rhea, should have been made a party to this proceeding. The point was not raised in the trial court, however, and furthermore the appellants alleged that Hartsell was the real party in interest. We conclude that the complaint stated a cause of action upon which proof should be heard.

Reversed.