James E. BENTLEY et ux *v.* Thomas W. PARKER et al

74-266                                    525 S.W. 2d 460

Opinion delivered March 3, 1975

*James R. Howard,* for appellants.

*Rose, Nash, Williamson, Carroll & Clay* by: *Stanley E. Price,* for appellees.

CONLEY BYRD, Justice. The only issue here is the right of the mortgagors, appellants James E. Bentley, et ux, to redeem from a foreclosure decree sale to a third party at any time prior to an order of confirmation of the sale. The particular foreclosure decree here involved gave the mortgagors ten days from the date of the foreclosure decree to redeem the property — after the expiration of the ten day period the commissioner in chancery was directed to advertise and sell the property.

On the date of sale appellees Thomas W. Parker and Nell Parker, his wife and Jack B. Carter and Martha G. Carter, his wife were the successful bidders in the amount of $24,500.00. The total judgment of Capital Savings & Loan Association was for only $21,713.91. Before the sale was submitted to the court for confirmation, the mortgagors tendered the total amount of the judgment and court costs into the registry of the court and asked to redeem the property. The trial court reluctantly denied the redemption and hence this appeal. We agree with the trial court.

In *Martin* v. *Ward,* 60 Ark. 510, 30 S.W. 1041 (1895), we stated the matter in this language:

> "The only question in this case is whether a right of redemption remains to the mortgagor of real estate after a decree of foreclosure and a sale of the mortgaged property thereunder. In the absence of a statute giving this right to the mortgagor, his equity of redemption is barred by the decree and sale. The object of the proceeding to foreclose is to cut off the equity of redemption which exists in the mortgagor, and a sale under a valid decree of foreclosure must have this effect unless the legislature has extended the right of the mortgagor, so that he may redeem after sale."

We there held that the Act of March 17, 1879, did not extend the right of redemption to a mortgagor under a foreclosure decree. It was there pointed out, however, that a "...court in its decree may, and usually does, allow a reasonable time for the mortgagor to pay the amount adjudged against him and redeem the property."

The cases of *Pope* v. *Wylds*, 167 Ark. 40, 266 S.W. 458 (1924) and *Jermany* v. *Hartsell*, 214 Ark. 407, 216 S.W. 2d 381 (1949), involved cases in which the foreclosure decree had provided that the redemption could be made at any time before confirmation. Of course such cases are not controlling under the decree here which allowed only ten days for redemption after the foreclosure decree.

Obviously the time for redemption must be left to the sound discretion of the trial court. If the redemption is cut off before sale date, it tends to give credence to judicial sales and to prevent collusion between the mortgagors and unsuccessful bidders at the sale who have second thoughts on the value of the property. However, if the redemption is permitted at any time before confirmation of the sale, then there may be some lack of incentive for competitive bidding at the sale.

Affirmed.