Richard L. FLEMING, Glenda F.
FLEMING *v.* SOUTHLAND LIFE INSURANCE
COMPANY, John F. MANGRUM,
Trustee et al

77-190                          564 S.W. 2d 216

Opinion delivered April 17, 1978
(In Banc)

*McMillan, Turner & McCorkle,* by: *H. W. McMillan,* for appellants.

*Lookadoo, Gooch & Ashley; Lindsey J. Fairley; Bridges, Young, Matthews & Davis;* and *Thomas E. Sparks,* for appellees.

FRANK J. HUCKABA, Special Chief Justice. Richard L. and Glenda F. Fleming owned several hundred acres of land in Dallas County, which were mortgaged to Pine Bluff Production Credit Association and Southland Life Insurance Company. Flemings defaulted, the mortgage holders sued, and a consent judgment and foreclosure Decree was entered on July 8, 1976. After the property was sold at foreclosure sale, but before the sale was confirmed, Flemings sought to satisfy the judgment and redeem the land. The Chancellor would not permit them to do so, confirmed the sale, and this Court must answer the question: How long did the Flemings have to pay the judgment and redeem their land? The Mortgages contained the usual waivers of the Statutory right of Redemption, and we consider only what equity of redemption the Flemings had.

A further recital of the facts, all of which occurred in 1976, is necessary. On September 15, 68 days after the foreclosure Decree, the lands were sold at public auction. Elbert L. Milton, one of the appellees, was high bidder. On September 29, Flemings petitioned the Trial Court to set the sale aside, alleging certain irregularities in the sale, and that if resold the property would sell for more. The Trial Court, on October 4, conducted a hearing on whether the sale should be confirmed, but deferred any decision giving attorneys time to brief the issue. Four days later, Flemings made a tender of money into the Court's registry, and filed their Petition for Permission to Satisfy Judgment and Redeem Land from Sale. Actually, Glenn D. Lane, an apparent buyer from Flemings, made most if not all of the tender; and took and recorded a deed from Flemings while the motions were pending. On November 1, 1976, the Court confirmed the sale, and Flemings have appealed.

To reach our difficult decision in this case we must interpret the significance of the following paragraphs in the Court's Decree of Foreclosure:

"(F) If the foregoing Judgments are not satisfied within 20 days, the Commissioner of this Court hereinafter named shall . . . sell to the highest bidder . . . all of the described property covered by the mortgages of Southland Life Insurance Company and of Pine Bluff Production Credit Assn."

.   .   .

"(M) Upon confirmation of said sale all rights of redemption and any and all of the rights, title, interest and claim of the defendants and each of them in and to all of the above described property shall be forever barred."

Appellants urge that the Court intended by the language in the second quoted paragraph to give them a right to pay the judgment and redeem the land after the judicial sale, at any time prior to confirmation. The Chancellor rejected this argument, and we agree with him.

It is significant that the Chancellor's Decree provided that "If the foregoing Judgments are not satisfied within 20 days, the Commissioner . . . shall . . . sell to the highest bidder. . . ". Similar language in the case of *Bentley* v. *Parker*, 257 Ark. 749, 525 S.W. 2d 640 (1975), was construed to mean that the mortgagor was given a certain number of days (10 in that case) from the date of foreclosure decree within which to redeem the property. The only logical or reasonable construction of this language, and its purpose, was to permit the mortgagor a period of 20 days after the decree to redeem the property.

We find that Paragraph (M) in the Decree providing that "Upon confirmation of said sale all rights of redemption and any and all rights, title, interest and claim of the defendants and each of them in and to all of the above-described properties shall be forever barred", was a recital of the legal effect of confirmation and was not intended to extend the privilege of redemption beyond the 20-day period. If it was intended to extend redemption rights to any time short of confirmation, then the 20-day provision in the Chancellor's decree was meaningless; and we do not feel that he intended a meaningless provision.

It is settled law that a judicial sale is not complete until confirmation. If, for example, confirmation of the sale is refused for a legitimate reason such as fraud, irregularity, or gross inadequacy in the sale price, it certainly would be within Chancellor's discretion to permit redemption prior to resale. Thus, while the possibility of redemption is not forever barred until confirmation, this does not mean that there is an absolute right to redeem at any time prior to confirmation.

The Trial Court is vested with sound discretion with respect to confirmation of judicial sales and cannot capriciously set aside a sale to permit redemption. The Court also has the responsibility to protect the integrity of judicial sales to the end that bidders can have confidence that their legitimate high bid will be respected by the Court. In this case appellee Milton not only bid high and posted a substantial Bond; he also became a party to the suit, and subjected himself to the Orders of the Court. There was neither fraud, nor irregularity and the Chancellor made a finding, not here

appealed, that the price bid by Milton was a fair price. It is difficult to see how Milton could have withdrawn his offer. It is also difficult to see how the Chancellor could have disregarded Milton's bid, rejected the sale, and permitted a third party, Glenn D. Lane, to buy the property. It has been settled law in this state for many years that the Court will not reopen the sale for the purpose of permitting any person to tender more money for the property. *Colonial and U.S. Mortgage Co.* v. *Sweet*, 65 Ark. 152, 45 S.W. 60 (1898); *George* v. *Cone*, 77 Ark. 216, 91 S.W. 557 (1905); *Polk* v. *Afflick*, 168 Ark. 903, 271 S.W. 962 (1925).

Appellants rely heavily upon the case of *Pope* v. *Wylds*, 167 Ark. 40, 266 S.W. 458 (1924). In that case, and the case of *Jermany* v. *Hartsell*, 214 Ark. 407, 216 S.W. 2d 381 (1949), the foreclosure decrees contained wording to the effect that appellants' title would be foreclosed and barred "upon the sale of said lands . . . and confirmation thereof. . . ". When the decree is so worded, the sale is conditional, and mortgagor's equity of redemption is not extinguished until confirmation. Such cases are not controlling under this decree which, we have found, allowed only 20 days for redemption after the foreclosure decree.

In the case of *Bentley* v. *Parker*, supra, we stated the matter in this language:

"Obviously the time for redemption must be left to the sound discretion of the trial Court. If the redemption is cut off before sale date, it tends to give credence to judicial sales and to prevent collusion between the mortgagors and unsuccessful bidders at the sale who have second thoughts on the value of the property. However, if the redemption is permitted at any time before confirmation of the sale, then there may be some lack of incentive for competitive bidding at the sale."

This court has also stated:

"Judicial sales are not to be treated lightly. The Court should not reject a sale and refuse a confirmation for captious reasons, but only in the exercise of sound discretion. The Trial Court is vested with sound judicial

discretion in these matters; and the appellate court, in reviewing the action of a trial court to see if there has been an abuse of discretion, does not substitute its own decision for that of the trial court, but merely reviews the case to see whether the decision was within the latitude of decisions which a judge or court could make in a case like the one being reviewed." *Robbins* v. *Guy*, 244 Ark. 590, 426 S.W. 2d 393 (1968); *Summars* v. *Wilson*, 205 Ark. 923, 171 S.W. 2d 944 (1943).

We are unable to say the Trial Court abused his discretion in allowing mortgagors only 20 days within which to redeem the property, in interpreting his decree to so provide, and in confirming this sale.

Appellee mortgage holders have asked for $2,500.00 each as additional attorneys' fees. While it is true that their lawyers could have requested fees of thousands of dollars more than they did, they agreed to fees of $3,500.00 each. They are not the first, and likely will not be the last, lawyers who agree to accept a certain fee to their subsequent displeasure. However, the mortgage holders had a vital interest in this appeal being affirmed. A reversal could have required them to re-pay the money into Court, and reinstate the loans on their books. One of the loans would have been three years in arrears, the other, two. Further, their prospect of early payment is clouded since Flemings (or Lane) withdrew the tender, being in excess of $400,000.00, from the registry of the Court. (Indeed, appellees made a strong argument that by withdrawing the tender, appellants waived their right to appeal.) Therefore, for their services in connection with this appeal, we award the mortgage holders additional attorney fees of $1,500.00 each.

Affirmed.

HARRIS, C.J., and FOGLEMAN and HOLT, JJ., not participating.

Special Justice LEROY FROMAN joins in the opinion.