**In re Myra STANLEY, Debtor.**

**Bankruptcy No. 93–11190M.**

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Sept. 9, 1994.

---

Patrick E. Hollingsworth, Dover & Dixon, Little Rock, AR, for Superior Federal Bank, F.S.B.

John D. Lightfoot, El Dorado, AR, for debtor.

A.L. Tenney, Chapter 13 Trustee, N. Little Rock, AR.

## ORDER

JAMES G. MIXON, Chief Judge.

On November 8, 1993, Myra Stanley, the debtor, filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. The debtor's schedules list Superior Federal Bank (Superior Federal) as a secured creditor with a claim in the amount of $10,600.00. The collateral for this secured debt is listed on the debtor's schedules as "3.5 acres and home." The debtor's plan proposes to pay Superior Federal's claim $285.00 per month as a regular payment, plus $37.50 on the arrearage of $1,800.00.

On November 18, 1993, Superior Federal filed an objection to the debtor's plan of reorganization. Superior Federal alleges that the debtor has no interest in the property because of a decree of foreclosure entered by the Union County Chancery Court on October 22, 1993.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) (1988), and the Court has jurisdiction to enter a final judgment in the case.

## BACKGROUND

On January 3, 1978, the debtor executed a promissory note payable to Union Fidelity Savings and Loan Association (Union) in the principal amount of $22,900.00. To secure repayment of this debt, the debtor executed a mortgage in favor of Union on 3.7 acres of land located in Union County, Arkansas. The mortgage provides, in part, that:

> [The debtor] hereby waives all rights of homestead exemption in, and statutory redemption of, the Property and all right of appraisement of the Property and relinquishes all right of dower in the Property.

The mortgage was filed of record in the Union County Circuit Clerk's office on January 3, 1978. The mortgage was assigned to Superior Federal on October 31, 1988.

On October 22, 1993, the Union County Chancery Court entered a decree of foreclosure in favor of Superior Federal, which provides in pertinent part as follows:

[I]f the judgment awarded herein to Superior Federal, as well as lawful interest thereon, be not paid on or before the tenth (10th) day following the date of this judgment, together with the costs of this action, which are hereby adjudged against Myra M. Stanley, then, as of the eleventh (11th) day following the date of this judgment, all the right, title, claim, interest, equity, and estate of the Defendants, and anyone claiming by, through, or under them, in and to the Property, and every part thereof, shall be and the same is hereby forever barred and foreclosed, including all rights or possibility of appraisement, dower, curtesy, and homestead, and all legal or equitable rights of redemption.

Superior Federal argues that as of November 2, 1993,[1] the debtor owned no interest in the real property in question. The debtor argues that until the foreclosure sale is complete she still owns an interest in the property. The debtor's bankruptcy petition was filed on November 8, 1993, which was more than eleven days after the foreclosure decree was entered, but before a foreclosure sale could occur.

## DISCUSSION

 Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1988). Whether a debtor owns an interest in property is determined under state law. *See Dewhirst v. Citibank (In re Contractors Equip. Supply Corp.)*, 861 F.2d 241, 243 (9th Cir.1988). In Arkansas, the execution of a mortgage passes legal title to the mortgagee in the mortgaged property subject to the mortgagor's right to redeem the title by performance of the conditions of the mortgage or payment of the indebtedness secured by the mortgage. *Fitzgerald v. Chicago Mill &*

*Lumber Co.*, 176 Ark. 64, 66, 3 S.W.2d 30, 32 (1928); *Danenhauer v. Dawson*, 65 Ark. 129, 132, 46 S.W. 131, 132 (1898).

The right of the mortgagor to perform the conditions of the mortgage is called the equity of redemption. Allen Hughes, *Arkansas Mortgages* § 478 (1930). This equity of redemption is the only estate left in the mortgagor. *Tim Wargo & Sons, Inc. v. Equitable Life Assurance Soc'y*, 34 Ark.App. 216, 219, 809 S.W.2d 375, 377 (1991); *Hannah v. Carrington*, 18 Ark. 85, 88 (1856). "The decree should provide that in the event of nonperformance within the new time fixed in the decree, the equity of redemption of the defendant shall thereafter be forever barred and foreclosed.... If the decree be that the equity shall be barred, unless the condition be performed within a fixed period, then nonperformance and the expiration of the period, accomplish the bar." Allen Hughes, *Arkansas Mortgages* § 407 (1930). *See Dorough–Newald Co. v. Valley Farming Co.*, 147 Ark. 42, 47, 226 S.W. 533, 535 (1921); *Pope v. Wylds*, 167 Ark. 40, 41, 266 S.W. 458 (1924); Paul Jones, Jr., *The Arkansas Law of Title to Real Property* § 867 (1935).

The foreclosure decree entered on October 22, 1993, in this case clearly extinguishes the debtor's equity of redemption after the "10th day following the date of [the] judgment." November 5, 1993, was the last day the debtor could redeem. *See* Ark.R.Civ.P. 6(a). The bankruptcy petition was filed on November 8, 1993, therefore, the debtor held no legal or equitable interest in the property on the date the petition was filed. *See Fleming v. Southland Life Ins. Co.*, 263 Ark. 272, 274, 564 S.W.2d 216, 218 (1978); 11 U.S.C. § 541(a)(1) (1988). Since the debtor had no interest in the real property on the date the petition was filed, the debtor cannot treat Superior's claim as a secured claim and cure the default under 11 U.S.C. § 1322(b)(2) (1988).[2] *See* 11 U.S.C. § 506(a) (1988).

---

1. The debtor owned an interest in the real property until November 5, 1993, rather than November 2, 1993. According to Ark.R.Civ.P. 6(a), when the period of time prescribed by the court is less than eleven (11) days, intermediate Saturdays, Sundays, or legal holidays are excluded. In this case, the court prescribed a period of time of ten (10) days.

2. Whether the debtor could have cured the default under section 1322 had the petition been filed after the entry of the foreclosure decree, but before the equity of redemption was barred is subject to conflicting views by many courts. *See e.g., In re Glenn*, 760 F.2d 1428, 1435 (6th Cir. 1985).

For the reasons stated, Superior Federal's objection to confirmation is sustained. The debtor shall have twenty days from the date of this order to file a modified plan consistent with this order.

IT IS SO ORDERED.