Lewis Edward DELLINGER, Jr., and Bette Sue Dellinger *v.* FIRST NATIONAL BANK OF RUSSELLVILLE and Real Estate Central, Incorporated

97-1185                                                          970 S.W.2d 223

Supreme Court of Arkansas
Opinion delivered June 4, 1998

*E. H. "Buz" Herrod,* for appellants.

*Michael T. Sherwood, P.A.* and *Wright, Lindsey & Jennings LLP,* by: *David M. Powell,* for appellee Real Estate Central, Inc.

RAY THORNTON, Justice. This case involves the right of redemption following a foreclosure sale. Appellants Lewis Edward Dellinger, Jr., and Bette Sue Dellinger defaulted in payment of debts secured by a residential mortgage. Following the foreclosure sale to appellee Real Estate Central, Inc. (REC), the Dellingers

moved to set aside the sale and redeem their property. The Pulaski County Chancery Court denied the Dellingers' petition and they appeal. The decision of the chancery court is affirmed.

When the Dellingers stopped making payments on their note with First National Bank of Russellville, the Bank filed a foreclosure complaint in chancery court seeking judgment against the Dellingers. The Bank attached a copy of the mortgage contract to its complaint, which provided that the Dellingers waived the statutory right of redemption. Although the Bank served process on each of the Dellingers by personal service, the Dellingers did not appear. The chancery court entered a foreclosure decree and awarded judgment in favor of the Bank. The decree provided that if the Dellingers did not satisfy the judgment within ten days, the property would be sold at public auction.

When the Dellingers did not pay the judgment, the Bank published notice of the proposed sale in The Daily Record, a newspaper of general circulation in Pulaski County. REC bought the residence for $24,000 at the commissioner's sale. Claiming that they learned about the sale the following day, the Dellingers moved to set aside the sale and to redeem the property. The chancery court ruled that the Dellingers had waived their right to redemption and that it was not going to set aside the foreclosure sale because the Dellingers were charged with notice, sat on their rights, and allowed the foreclosure sale to occur. The chancery court subsequently entered an order confirming the sale. The Dellingers posted a supersedeas bond and remain in possession of the property.

On appeal, the Dellingers contend that the chancellor erred in not permitting them to redeem for two reasons: (1) they did not receive due process notice of the foreclosure sale; (2) they had not waived all rights of redemption.

The Dellingers first argue that Ark. Code Ann. § 18-49-104(c) (Supp. 1997) is unconstitutional because it does not provide for actual notice of the date of the foreclosure sale. Under that section, notice of a judicial sale of property must be published in a newspaper of general circulation. Although the abstract of the record shows that the Dellingers referred to the absence of notice

before the chancery court, the abstract does not reflect that the Dellingers argued the constitutionality of the notice provision.

Where the abstract does not reflect that the argument, or any similar argument, was made in the trial court, we will not reach the merits of the argument on appeal. *Barber v. Watson*, 330 Ark. 250, 255-56, 953 S.W.2d 579, 583 (1997). Even constitutional arguments are waived on appeal if they are not raised at trial. *Hodges v. Gray*, 321 Ark. 7, 18, 901 S.W.2d 1, 6 (1995). Consequently, we cannot review this argument now.

Under their second point on appeal, the Dellingers contend that the chancellor erroneously determined that they had waived all rights of redemption to their property. The identifiable interests the Dellingers may have had are the statutory and equitable rights of redemption. *See, e.g., Bentley v. Parker*, 257 Ark. 749, 525 S.W.2d 460 (1975).

While they admit that the mortgage contract contained a waiver of the statutory right of redemption, the Dellingers argue that the statutory waiver cannot inure to the benefit of the buyer, REC, which was not a party to the mortgage. The Dellingers rely on a privity of contract theory.

The statutory right of redemption is contained in Ark. Code Ann. § 18-49-106 (1987). That section grants a mortgagor the right to redeem real property sold under a decree of the chancery court any time within one year from the date of sale by payment of the sale price, interest, and the cost of foreclosure and sale. *Id.* That section also provides that "[t]he mortgagor may waive the right of redemption in the mortgage or deed of trust so executed and foreclosed." *Id.*

The Dellingers' argument is without merit. We are guided by the rule set out in *Wilkinson v. James*, 164 Ark. 475, 478, 262 S.W. 319, 321 (1924), where we said the following:

> When the mortgage or deed of trust contains the waiver, and the court renders a foreclosure decree, the right of redemption is gone by operation of the statute. In other words, the right of redemption after the sale is determined by the question whether or not there was in fact a waiver of the lien in the mortgage[.]

*Id.* Moreover, we have noted that a buyer of property at a judicial sale is entitled to the same protections that were held by the mortgagee under the mortgage. *See, e.g., Watts v. Blair,* 137 Ark. 143, 146, 208 S.W. 434, 434 (1919); *see also,* PAUL JONES, JR., ARKANSAS TITLES § 655 (1935 & Supp. 1959) ("Purchaser at a mortgage foreclosure sale steps into the shoes of the mortgagee and is entitled to all the rights such mortgagee had under the mortgage.") (internal citation omitted).

▮ It is clear that this statutory waiver in a mortgage contract operates as an absolute bar to a mortgagor's right to redeem within one year of sale. Were we to accept the Dellingers' argument, REC, or any buyer at a judicial sale, would lose the protection of vested rights under the sale, including the right to have the sale confirmed. *See generally* ALLEN HUGHES, ARKANSAS MORTGAGES § 433 (1930) ("The court cannot arbitrarily refuse confirmation and permit redemption by the mortgagor where the law gives no right of redemption or that right has been waived or otherwise cut off.") (internal citation omitted). The chancery court, therefore, did not err when it found that the Dellingers had waived their right to redemption.

▮ Finally, the Dellingers contend that the chancery court abused its discretion in not extending the period of equitable redemption past the sale date on the basis of "gross inadequacy in the sale price." *See Fleming v. Southland Life Ins. Co.,* 263 Ark. 272, 564 S.W.2d 216 (1978). It is settled law that a judicial sale is not complete until confirmation. *Id.* at 275, 564 S.W.2d at 218. However, a sale may only be set aside before confirmation for a legitimate reason such as fraud, gross inadequacy in the sale price, irregularity in the circumstances surrounding the sale, impingement of the rights of the parties participating in the sale, or harm that may result on confirmation. *See Looper v. Madison Guaranty Savings & Loan Ass'n,* 292 Ark. 225, 729 S.W.2d 156 (1987); *see also Fleming v. Southland Life Ins. Co.,* 263 Ark. 273, 564 S.W.2d 216 (1978). Thus, there is no absolute right to redeem at any time prior to confirmation and the decision to permit equitable redemption is vested in the sound discretion of the trial court. *Fleming,* 263 Ark. at 275, 564 S.W.2d at 218.

There is nothing in the abstract that shows the Dellingers argued the equitable right of redemption to the chancery court. As we said above, we cannot review arguments made for the first time on appeal. *See Barber v. Watson*, 330 Ark. 250, 255–56, 953 S.W.2d 579, 583 (1997), *supra*. Because the abstract does not show that this point was argued before the chancery court, we cannot address it here.

Affirmed.