**In re John H. BROWN, Debtor.**

**No. 4:02–BK–13140M.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Aug. 23, 2002.

Michael J. Knollmeyer, Knollmeyer Law Office, Jacksonville, AR, for Debtor.

David D. Coop, North Little Rock, AR, trustee.

## ORDER

JAMES G. MIXON, Chief Judge.

On March 19, 2002, John H. Brown ("Debtor") filed a voluntary petition for relief under the provisions of chapter 13. Among the assets scheduled was the Debtor's home valued at $45,000.00 and subject to a mortgage lien in favor of Regions Mortgage Company ("Regions") in the scheduled amount of $31,000.00.

The Debtor's plan is for 60 months and proposes to pay Regions the regular monthly contract payment of $370.00 and $167.00 on an arrearage stated to be $5,000.00.

Regions filed an objection to confirmation of the plan and a motion for relief from the automatic stay on the grounds that the Debtor's home had been sold at a foreclosure sale concluded before the date the petition for bankruptcy had been filed. Thus section 1322(c) of the Bankruptcy Code would preclude the Debtor from curing the default through his chapter 13 plan.

A hearing was conducted on June 7, 2002, and the matter was taken under advisement. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (2000), and the Court has jurisdiction to enter a final judgment in this case.

The material facts are not in dispute. Prior to the date the petition was filed, the Debtor's home was subject to a foreclosure proceeding pending in the Chancery Court of Saline County, Arkansas (Case Number E00–773–1). A foreclosure decree was entered by the chancery court on September 22, 2000, which ordered the Debtor's homestead sold by a commissioner to be appointed by the Court to satisfy the debt owing to Regions. The decree provided in part that

upon the sale of the subject property in accordance with the decree all the right, title, claim, equity, interest, and estate of all defendants herein ... is hereby forever barred and foreclosed, including all ... legal or equitable rights of redemption.

(Pl.'s Ex. A.)

The commissioner conducted an auction on March 12, 2002, and accepted the bid of Regions in the amount of $41,514.87 on that date. Thereafter, the commissioner filed his Report of Sale and Commissioner's Deed with the Clerk of Saline County Circuit Court on March 20, 2002. Also, on March 20, 2002, the Court issued an Order of Confirmation confirming the sale.

■ Subsections 1332(b)(2) and (5) of the Bankruptcy Code, when read together, permit a debtor to propose in a chapter 13 plan to cure a default in a home mortgage debt secured only by a lien in the debtor's principal residence. The debtor must propose to pay the regular monthly payment and to cure the arrearage within a reasonable time. 11 U.S.C. § 1322(b)(5) (2000).

Subsection 1322(c)(1) limits a debtor's ability to cure a default on a home mortgage by providing that "(1) a default with respect to, or that gives rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." 11 U.S.C. § 1322(c)(1) (2000). This subsection, an amendment to the Bankruptcy Code, became effective in 1994.

The editors of a leading treatise on bankruptcy have explained the history of the section as follows:

Section 1322(c)(1) provides that a default on a mortgage on the debtor's principal residence may be cured until the residence is "sold at a foreclosure sale" that

is conducted in accordance with applicable nonbankruptcy law.... The legislative history states that the debtor may cure a home mortgage default "at least through completion of a foreclosure sale under applicable nonbankruptcy law."
...

The statutory language and legislative history thus leave to state law the question of when a foreclosure sale has been completed. In some states, a sale may not be deemed completed until the court has entered an order confirming the sale, or until the sheriff has conveyed the property, or until a debtor no longer may redeem the property....

8 Collier on Bankruptcy ¶ 1322.15 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2002).

■ Under Arkansas law, a judicial foreclosure sale is complete upon confirmation of the sale by the court. *Dellinger v. First Nat'l Bank,* 333 Ark. 460, 463, 970 S.W.2d 223, 225 (1998); *Fleming v. Southland Life Ins. Co.,* 263 Ark. 272, 564 S.W.2d 216 (1978); *Wells v. Rice,* 34 Ark. 346 (1879). *See also In re Tomlin,* 228 B.R. 916, 920 (Bankr.E.D.Ark.1999) (finding judicial foreclosure sale is complete upon confirmation of sale while nonjudicial foreclosure sale is complete upon filing of deed), *superseded as to nonjudicial foreclosure sale completion by* Ark.Code Ann. § 18–50–101(1), 107(e), 108(b) (Michie Supp.2001); *In re Blair,* 196 B.R. 477, 480 (Bankr.E.D.Ark.1996) (stating the rule under state law that judicial foreclosure sale is not complete until confirmation of the sale by the chancery court); *In re Gordon,* 161 B.R. 459, 462 (Bankr.E.D.Ark.1993) (same).

■ In this case involving a judicial foreclosure, the bankruptcy petition was filed on March 19, 2002, the day before the order confirming the sale was entered.

Therefore, the Debtor is not precluded by section 1322(c)(1) of the Bankruptcy Code from curing the default since the judicial foreclosure sale was not complete until after the petition was filed.[1] The entry of the order confirming the sale occurred after the bankruptcy case was filed and thus resulted in a technical violation of the automatic stay. The order is therefore void and of no effect. *LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317, 325 (8th Cir. BAP 1999) (asserting that actions taken in violation of the automatic stay are void ab initio); *Schieffler v. Pulaski Bank & Trust Co. (In re Molitor)*, 183 B.R. 547, 554 (Bankr.E.D.Ark.1995) (holding that probate court's opinion issued in violation of the stay was void and of no effect).

Therefore, the objection to confirmation is overruled and the motion for relief from the stay is denied.[2]

IT IS SO ORDERED.

1. A more difficult question is presented if the decree provides for the extinguishment of the debtor's equity of redemption prior to confirmation of the sale. *See, e.g., In re Stanley*, 182 B.R. 241, 243 (Bankr.W.D.Ark.1994) (ruling that equity of redemption was extinguished by decree prior to completion of judicial foreclosure sale; therefore, the debtor had no interest in the property even though the petition was filed before the date of foreclosure auction sale) (case decided before effective date of section § 1322(c)(1) in 1994).

2. The result reached herein might have been different if Regions had been proceeding un-

der the non-judicial or statutory foreclosure provisions of Ark.Code Ann. §§ 18–50–101–116 (Michie Supp.2001). The differences between judicial and non-judicial foreclosure proceedings in Arkansas have been addressed by the bankruptcy courts. *See, e.g., In re Cook*, 253 B.R. 249, 252 (Bankr.E.D.Ark.2000) (stating that under Arkansas law, judicial foreclosure sale is not final prior to expiration of debtor's redemption rights and these usually expire upon sale confirmation, but non-judicial foreclosure sale is complete when high bid is accepted at auction).