**In re SUGARLOAF PROPERTIES, INC.**

**No. 1:02–BK–11967–E.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

Dec. 17, 2002.

Allen W. Bird, II, Little Rock, AR, for Danny Silsbe.

Warren E. Dupwe, Jonesboro, AR, Chapter 7 Trustee.

Basil V. Hicks, Jr., Hankins & Hicks, N. Little Rock, AR, for Debtor.

### ORDER DENYING MOTION TO COMPEL TRUSTEE TO ADMINISTER PROPERTY

AUDREY R. EVANS, Bankruptcy Judge.

On November 13, 2002, Danny Silsbe's Motion to Compel Trustee to Administer Property came on for hearing. Silsbe, the Debtor's president, appeared through his

attorney, Allen W. Bird, II. The Chapter 7 Trustee, Warren E. Dupwe, Esq., appeared on behalf of himself. In open court, the parties requested that they be allowed to file written stipulations and briefs. The Court granted the request and took the matter under advisement.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule of Procedure 7052.

## FACTS

The parties stipulated to the following facts and exhibits:

(1) On January 11, 2002, the Circuit Court of Cleburne County entered its judgment directing Judith E. Russell as commissioner to sell certain property owned by the Debtor, located in Cleburne County, Arkansas (the **"Property"**) as part of a foreclosure action then pending in said county, styled *Perry L. Linder, Sr., Plaintiff v. Sugarloaf Properties, Inc. et al., Defendants*. A copy of the Cleburne County Court Judgment (the **"Foreclosure Decree"**) was introduced as Exhibit "A".

(2) On February 12, 2002, the duly appointed Commissioner held the sale of the Property, and accepted a bid for the Property from Perry L. Linder, Sr. for the sum of $1,220,000.00, which was the highest and best bid received.

(3) On February 14, 2002, the said Commissioner filed her report of sale to the Court. A copy of that report was introduced as Exhibit "B".

(4) On February 19, 2002, the Circuit Court of Cleburne County entered its order approving sale, and directing the said Commissioner to execute and deliver to the said Perry L. Linder, Sr. a deed to the said lands. A copy of the Order Confirming Sale was introduced as Exhibit "C".

(5) On February 20, 2002, the Debtor filed its petition under chapter 7 of the Bankruptcy Code showing that it owned the Property.

(6) No deed was executed nor delivered by the Commissioner to the said Linder prior to the filing of the Debtor's bankruptcy petition.

(7) At the time Debtor filed bankruptcy, Linder had paid nothing to the Commissioner for the Property.

The Foreclosure Decree found that the Debtor purchased the Property from Linder in exchange for a $600,000.00 down payment and a promissory note in the principal amount of $825,000.00. Debtor contemporaneously executed a mortgage on the Property in Linder's favor. The Foreclosure Decree also found that Debtor was in default on the promissory note and owed Linder $1,000,708.25 at that time. After setting off $13,300.00 on Debtor's counterclaim against Linder, and awarding Linder $25,000.00 for attorneys' fees and costs, the court awarded Linder an aggregate judgment of $1,018,708.25.[1] The court also found that the Debtor's right of redemption was valued at $400,000.00, and specifically ordered that if the judgment was not paid within 30 days of the date of the decree, the Debtor's equity of redemption "shall be deemed foreclosed" and the Property shall be sold at foreclosure sale. The Foreclosure Decree did not state whether the debtor had waived his statutory right of redemption under Arkansas law in the mortgage, and the mortgage is not a part of the record.

The Foreclosure Decree ordered that the proceeds of sale be applied first to satisfaction of the judgment against Debt-

---

1. This Court cannot explain the $6,300.00 discrepancy in this amount.

or (*i.e.*, $1,018,708.15) with any surplus being paid to Debtor. Because Linder bid $1,220,000.00 for the Property, approximately $201,291.75 was due the Debtor, and the Trustee alleged in his brief that these proceeds are property of the Debtor's estate and have been turned over to the Trustee for administration.

## DISCUSSION

Silsbe asks the Court to find that the Property is property of the Debtor's bankruptcy estate under 11 U.S.C. § 541, and to compel the Trustee to administer the Property as required by 11 U.S.C. § 704. The Trustee argues that the Debtor's right of redemption expired under the Foreclosure Decree, and that in any event, the sale of Debtor's property was finalized prior to the Debtor's bankruptcy filing. Silsbe maintains that the Debtor held legal and equitable title to the Property upon filing bankruptcy because following confirmation of the foreclosure sale, no deed was executed or delivered transferring title to the Property's buyer. Silsbe also argues that the Order Confirming Sale was not a final order due to the pending appeal time of such order and the automatic ten-day stay provided by Ark. R. Civ. P. 62(a).

 A debtor's bankruptcy estate consists of all legal and equitable interests of the debtor existing at the commencement of the bankruptcy case. 11 U.S.C. § 541(a). The debtor's interest in property is determined under state law. *See In re Stanley*, 182 B.R. 241, 243 (Bankr. W.D.Ark.1994). Under Arkansas law, a debtor has no further rights in property once its rights of redemption have expired.

"Indeed, after the contract has merged into the judgment, and prior to the sale, the identifiable interests of the debtor are merely the statutory and equitable rights of redemption." *In re Crime Free, Inc.*, 196 B.R. 116, 118 (Bankr.E.D.Ark.1996) (*citing Tim Wargo & Sons v. Equitable Life Assurance Society*, 34 Ark.App. 216, 809 S.W.2d 375 (1991)).

 A mortgagor's "equitable right of redemption" is the equitable right to redeem his property by performing the conditions of the mortgage until the mortgage is foreclosed.[2] *See In re Stanley*, 182 B.R. at 243 (*citing Fitzgerald v. Chicago Mill & Lumber Co.*, 176 Ark. 64, 66, 3 S.W.2d 30, 32 (1928)) (other citations omitted). When a foreclosure decree is entered, the chancellor may extend the mortgagor's equitable right of redemption for a reasonable period of time. However, once that time period expires, the mortgagor no longer has a right to redeem his property from the mortgage. *In re Crime Free, Inc.*, 196 B.R. 116, 118 (Bankr.E.D.Ark.1996). *See also In re Stanley*, 182 B.R. at 243 (where the debtor waived his statutory right of redemption and the foreclosure decree clearly extinguished the debtor's equity of redemption after a certain time period, the debtor had no interest in the property upon subsequent bankruptcy filing). Where a mortgagor's equitable right of redemption is not extinguished on a specific date under the foreclosure decree, the equitable right of redemption expires upon confirmation of the foreclosure sale. *See In re Crime Free, Inc.*, 196 B.R. at 118.

**2.** A mortgagor's equitable right of redemption is not the same as the statutory right to redeem property after a foreclosure sale. To redeem property from a mortgage, the mortgagor must tender the amount necessary to extinguish the mortgage debt at any time before the equitable right to redeem is barred; to redeem property from a foreclosure sale under the statute, the mortgagor must tender the amount bid at sale together with interest and costs of the foreclosure and sale. *See Wood v. Holland*, 57 Ark. 198, 21 S.W. 223 (1893); Ark.Code Ann. 18–49–106 (West 2002).

A mortgagor also has a "statutory right of redemption" pursuant to Ark. Code Ann. § 18–49–106 which allows a mortgagor to redeem property sold at a foreclosure sale within one year of the sale. The mortgagor may waive this right in the mortgage instrument. Ark.Code Ann. § 18–49–106. Where the statutory right of redemption is not waived by the mortgage instrument, the mortgagor's statutory right of redemption exists but is not a "legal or equitable" interest in the foreclosed property under § 541 because redemption is only the right to tender full payment and gain possession of the foreclosed property. *See First Federal Savings & Loan Assoc. of Titusville v. Booth (In re Booth)*, 18 B.R. 816, 817 (Bankr. E.D.Ark.1982). *See also Tim Wargo*, 34 Ark.App. at 220, 809 S.W.2d at 377 (no evidence in the record that tender of purchase price made in order to exercise statutory right of redemption); *In re Gordon*, 161 B.R. 459, 461 n. 3 (Bankr.E.D.Ark. 1993) (estate's only interest in foreclosed property would be statutory right of redemption which requires a lump sum payment under Arkansas law). In other words, until the debtor actually exercises his right of redemption and tenders full payment, he has no legal or equitable interest in the property that is brought into his bankruptcy estate.

In this case, the Debtor had no equitable right to redeem the Property from the foreclosed mortgage prior to filing bankruptcy. The Foreclosure Decree specifically stated that if the judgment was not paid within 30 days of the date of the decree (*i.e.*, February 11, 2002), the Debtor's equity of redemption shall be deemed foreclosed. Accordingly, the Foreclosure Decree clearly extinguished the Debtor's right of redemption upon thirty days nonpayment. Furthermore, although the Debtor may still exercise its statutory right to redeem the Property from the foreclosure sale, Debtor has made no offer to do so, and accordingly, has no legal or equitable interest in the Property. In sum, because the Debtor's equitable right of redemption expired on February 11, 2002, and the Debtor did not tender sufficient payment to exercise its statutory right of redemption prior to filing bankruptcy on February 20, 2002, the Debtor had no legal or equitable interest in the Property when it filed bankruptcy, and the Property is not property of the Debtor's estate under 11 U.S.C. § 541.

The parties submitted briefs to the Court arguing the issue of when the foreclosure sale was final. The Court finds that because the Debtor had no interest in the Property at the time of sale, the issue of when the sale is final is not controlling. However, because the parties briefed the issue and believe it to be pertinent, the Court will address it.

Under Arkansas law, a judicial foreclosure sale is complete upon confirmation of the sale by the court. *See Dellinger v. First Nat'l Bank*, 333 Ark. 460, 463, 970 S.W.2d 223, 225 (1998) ("It is settled law that a judicial sale is not complete until confirmation."); *Fleming v. Southland Life Ins. Co.*, 263 Ark. 272, 275, 564 S.W.2d 216, 218 (1978). *See also In re Brown*, 282 B.R. 880, 882 (Bankr.E.D.Ark. 2002); *In re Blair*, 196 B.R. 477, 480 (Bankr.E.D.Ark.1996). In this case, the Order Confirming Sale was entered on February 19, 2002, a day before Debtor filed bankruptcy. Nevertheless Silsbe argues that the confirmation order is not a final judgment because the appeal time had not run when the bankruptcy was filed, and the confirmation order was stayed pursuant to Ark. R. Civ. P. 62(a) which provides for an automatic ten-day stay of the execution or enforcement of an order unless the court provides otherwise.

The Court finds that the confirmation is a final order regardless of whether time remains to appeal and regardless of the ten-day stay of execution under Rule 62(a). Other than the ten-day automatic stay provided by Rule 62(a), a party has no other protection from the enforcement of an order unless he or she files a supersedeas bond and requests a stay pending appeal under Rule 62(d), or the Court otherwise stays the execution of an order pending a motion for a new trial or to alter or amend a judgment under Rule 62(b). Because the Debtor did not obtain a stay pending appeal, the only applicable stay in place was the automatic ten-day stay provided by Rule 62(a), and while that stay may have prevented the commissioner from filing the deed to the Property in accordance with the Order Confirming Sale, it does not follow that the order itself was not final. "While a party may obtain stays of execution, such a stay does not prevent the judgment from being final." *Independence Federal Bank v. Paine Webber*, 302 Ark. 324, 331, 789 S.W.2d 725, 729 (1990). *See also Marion v. Town and Country Mutual Ins. Co.*, 59 Ark.App. 120, 125, 952 S.W.2d 681, 683 (1997) ("[The stay] is merely a legal prohibition from execution on the judgment until that prohibition has been removed by operation of law or a judgment of the supreme court.") (citations omitted).

Under Arkansas law, the Court must find that the foreclosure sale was complete upon entry of the Order Confirming Sale. To hold otherwise, and require that the deed be delivered or filed for the sale to be complete, would be a substantial departure from Arkansas law.[3] Because the Order Confirming Sale was entered the day before Debtor filed bankruptcy, the Property

is not property of the estate under 11 U.S.C. § 541. Accordingly, even if the Debtor's extinguished right of redemption were not controlling in this case, the result would be the same. On the day of filing, the Debtor had no legal or equitable interest in the Property.

## CONCLUSION

For the reasons stated herein, the Court **DENIES** Silsbe's Motion to Compel Trustee to Administer Property.

**IT IS SO ORDERED.**

---

**3.** The Court notes that non-judicial foreclosure sales are complete upon acceptance of the highest bid, and are likewise not contingent on when the deed is actually delivered or filed. *See* Ark.Code Ann. 18–50–101(10) (West 2002).