Nathan WECHSLER

v.

Merrill COHEN

No. Civ.S 98–3834.

United States District Court, D. Maryland, at Greenbelt.

Jan. 14, 1999.

Nelson Deckelbaum, Law Office, Washington, Dc, for appellant.

Irving E. Walker, Baltimore, MD, for appellee.

U.S. Trustee, Greenbelt, MD, interested party, U.S. Trustee, pro se.

*MEMORANDUM OPINION*

SMALKIN, District Judge.

This is an appeal from an order of the Bankruptcy Court that denied a motion to vacate an earlier order of that court that was entered before the time for filing an opposition thereto had expired under the applicable Federal and Local Rules of Bankruptcy Procedure. The order in question was an order granting a motion for ancillary relief brought against the appellant by the Trustee, arising from a third-party turn-over action. When it was brought to the Bankruptcy Court's at-

tention that it had granted the motion prior to the opposition having been filed, or, for that matter, before it was due, the Bankruptcy Court considered, heard, and ultimately denied, a motion to vacate the order, making it clear that it had considered the order on its merits. As for the matter of ruling on the motion prematurely, the Bankruptcy Court held that it had the power, under Local Bankruptcy Rule 9029–1. to suspend or modify any of its local rules.

■ In this appeal, the appellant argues that the Bankruptcy Court had no power to modify or suspend the Local Rule setting response times. This is not correct. The Bankruptcy Court may certainly do so in the ordinary case, as, for example, by shortening the time for opposing, or replying to, motions. Of course, it must soundly exercise judicial discretion is doing so, as routinely happens when the exigencies of the case call for some rapid attorney response to enable a rapid judicial response to a situation that is out of the ordinary.

Even where such discretion is exercised unsoundly, as where there is no notice at all to the opponent that the motion may be granted before the ordinary response time has elapsed, there is usually no prejudicial or reversible error, because the court can, as did the court here, reconsider—in a plenary fashion—the motion that was granted. Reconsideration that reaches the merits of the matter cures, in the ordinary case, any harm that might have accrued.

■ This is not, however, an ordinary case. The motion and order in this case compelled the appellant to perform certain acts, and, thus, it was in the nature of an order granting injunctive relief, which, except in extreme emergencies justifying an order in the nature of a T.R.O. without notice, cannot be granted without an opportunity for the opponent to be heard. *Cf.* Fed. R.Civ.P. 65(a). The circumstances of this case have not been shown to rise to the level of such extreme urgency that would justify *ex parte* relief. (Of course, the injunctive nature of the order also renders it presently appealable, notwithstanding the Appellee's contention that it is not. *See, e.g., In re*

*Marvel Entertainment Group, Inc.,* 209 B.R. 832, 835–36 (D.Del.1997).)

■ Thus, the error cannot be said to have been cured by the subsequent plenary grant of reconsideration **as to any time the order was outstanding prior to the entry of the order denying reconsideration, which was entered October 15, 1998.** As to the time between the entry of the original order and the entry of the order denying reconsideration, the appellant cannot be held in contempt, or otherwise punished or sanctioned, for failure to comply therewith. The order denying reconsideration must be modified so to state, but there is no need to vacate that Order, as the appellant seeks, as a remedy for the procedural error committed in its original entry. On the merits, the Bankruptcy Court ultimately reached a decision on the motion that is neither challenged in this appeal nor otherwise said to have been incorrect in fact or law, and the modification of the order now ordered by this Court is the only remedy to which the appellant is entitled on this record.

The Court concludes that oral argument is not needed in aid of its determination of this appeal. Bankr.R. 8012(3).

For the stated reasons, an order will be entered separately, affirming the order denying reconsideration from which this appeal is taken, but directing that it be modified on remand, consistent with this Memorandum Opinion.

### ORDER

For the reasons stated in a Memorandum Opinion entered this date, it is, by the Court, this 14th day of January, 1999, ORDERED and ADJUDGED:

1. That the Order Denying Reconsideration entered by the Bankruptcy Court BE, and it hereby IS, AFFIRMED in part, and VACATED and REMANDED in part, with instructions to modify the same on remand in accordance with the said Memorandum Opinion;

2. That each party bear his own costs on appeal; and

584

3. That the Clerk mail copies hereof and of the said Opinion to counsel and to Chief Bankruptcy Judge Mannes.