## In re Stephen COOK.

### No. 00–42126 S.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Sept. 19, 2000.

the Bankruptcy Code, the state is still obligated to comply with the provisions of the Code.

David D. Coop, North Little Rock, AR, Chapter 13 Trustee.

Claibourne Patty, for debtor.

Kimberly D. Burnette, for creditor.

## ORDER GRANTING RELIEF FROM STAY AND SUSTAINING OBJECTION TO CONFIRMATION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon three matters filed by Chase Manhattan Bank: (1) a Motion for Relief from Stay After Foreclosure Sale, filed on July 10, 2000; (2) a Post Sale Objection to Confirmation of Plan, filed on July 6, 2000, amended on July 10, 2000; and (3) a Motion to Stay Order of Confirmation, filed on July 31, 2000. This case presents the issue of when a nonjudicial foreclosure sale is final for purposes of the Bankruptcy Code and the parties present no issues of contested facts.

The creditor in this case conducted a nonjudicial foreclosure on May 16, 2000, and recorded the deed on May 19, 2000. On May 17, 2000, the day following the sale and two days prior to the recording of the deed, the debtor filed this chapter 13 case. The plan treats the obligation as a long term debt, providing for regular monthly payments and for cure of a $4,000 arrearage.[1]

### I.

As an initial matter, the debtor asserts that the court should deny the objection to confirmation because it was not timely filed. The notice of the commencement of the case, sent to all creditors, stated a deadline for filing objections to confirmation. Specifically, the notice required that, to be timely, an objection to confirmation was required to be filed and served on or before the tenth day following the section 341(a) meeting. Accordingly, objections to confirmation were required to be filed no later than June 22, 2000. Since the objection was not filed until July 6, 2000, some fourteen days after the deadline, the debtor asserts that it must be denied.

■ The time requirement stated in the notice is one imposed by General Order No. 14, signed by the judicial officers of the Eastern and Western Districts of Arkansas. Rule 3015 governs the time for filing the plan and objections to plan. Although strict times are imposed for the filing of the plan under Rule 3015(a), there are no express time requirements for an objection to confirmation, other than it be filed prior to confirmation of the plan. Fed. R. Bankr.P. 3015(f). Clearly, the objection was timely under the Federal Rules of Bankruptcy Procedure. The Court is empowered, however, to enter such orders, including General Orders, as

---

1. The creditor also disputes the amount of arrearage.

may be appropriate for the administration of the cases and proceedings. *See* 11 U.S.C. § 105(a); Fed. R. Bankr.P. 7016, 9029(b). General Order No. 14 does not conflict with Rule 3015 but, rather, supplements it, and accords the parties deadlines and notice of when actions must be taken. In this manner, both the parties and the court may anticipate procedures and deadlines, and the administration of the case is facilitated.

 As a general rule, the Court believes that these deadlines should be followed, and that the Court should enforce them. The Court has the power and authority, however, to enlarge, abridge or otherwise modify the time requirements under the Local Rules and General Orders. *Wechsler v. Cohen,* 228 B.R. 582 (D.Md.1999).[2] In the instant case, the Court deems it appropriate that the Objection to Confirmation be heard on the merits. First, in addition to the objection to confirmation which raises issues regarding the nonjudicial foreclosure, there is pending a motion for relief from stay which not only raises the identical issues as the objection to confirmation, it has merit. If the Court grants the motion for relief from stay on the merits but denies the objection to confirmation on procedural grounds, the substantive issues in the case become a morass of confusion. In the interests of justice and consistency, the Court is virtually required to determine the objection on the merits. Second, the debtor's request is akin to a motion for default, which, in this instance, is not warranted. It is well settled that courts should determine proceedings on their merits. Indeed, even a "slight" abuse of discretion in refusing to set aside a default may result in reversal. *See In re Baskett,* 219 B.R. 754 (6th Cir. BAP 1998). Accordingly, inasmuch as the objection was timely under Rule 3015, although untimely under General Order No.

14, the better course is for the Court to hear and determine the Objection to Confirmation.

## II.

Chase Manhattan Bank contends that pursuant to Arkansas law, the sale was final when the highest bid was accepted at the sale, and, thus, the real property is not property of the estate. Based upon the finality of the sale, Chase Manhattan seeks relief from stay in order to obtain immediate possession of the premises. The debtor contends, however, that since he filed his chapter 13 bankruptcy petition prior to the recording of the deed, the property remains in the estate and is subject to reorganization in this chapter 13 case.

 Arkansas law provides for both judicial and nonjudicial sales of property. In a judicial sale, the court orders a sale and thereafter confirms the sale. In this situation, the state court has discretion and authority to refuse to accept an offer, may extend the redemption period, or impose other conditions upon a sale. *See, e.g., In re Crime Free, Inc.,* 196 B.R. 116 (Bankr.E.D.Ark.1996), *appeal dismissed,* No. 97–40109 (E.D.Ark. Aug. 8, 1996)(describing state court order permitting debtor to pay foreclosure judgment prior to sale). Where a judicial sale is involved, sale may not be final until expiration of the debtor's redemption rights, *i.e.,* usually evidenced by the order confirming the sale. *See id.*

 In sales under the nonjudicial foreclosure statute, however, the procedure is different and different rules and policies apply. *See generally Coulter v. Blieden (In re Morgan's Estate),* 104 F.2d 29, 33 (8th Cir.), *cert. denied,* 308 U.S. 583, 60 S.Ct. 106, 84 L.Ed. 488 (1939)(contrasting judicial and nonjudicial sales). Prior to the 1999 amendments, the Arkansas Code provided that:

---

**2.** If a party misses a deadline or requires an extension of time to perform an act under the Rules of other Order of Court, the party is obligated to file a motion pursuant to Rule 9006. Failure to follow the requirements of Rule 9006 may further exacerbate the failure to timely file documents.

(a) A sale made by a mortgagee ... shall foreclose and terminate all interest in the trust property of all persons to whom notice is given under § 18–50–104 ... * * *

(b) A sale shall terminate all rights of redemption, and no person shall have a right to redeem the trust property after a sale.* * *

Ark.Code Ann. § 18–50–108(a), (b) (Mitchie Supp.1997).

In *In re Bland*, 227 B.R. 163 (Bankr. E.D.Ark.1998), this Court held that, under this statute, the sale of real property was final upon the acceptance of the highest bid at the auction and the high bidder tendered, or attempted to tender, payment. In *In re Tomlin*, 228 B.R. 916 (Bankr.W.D.Ark.1999), another judge of this district disagreed with the *Bland* interpretation of the Arkansas nonjudicial foreclosure statute and Arkansas auction law, and held that the statutory foreclosure sale was not complete until the deed was recorded. In 1999, in order to resolve this split of authority within the state, the Arkansas legislature enacted amendments to the statutory foreclosure provisions, apparently agreeing with the result in *In re Bland*. The *Tomlin* decision, thus, was overruled by the amendment to the statute made by the Arkansas legislature in the fall of 1999.

The amendments added phrases to clarify that the sale was complete at the time the high bid was accepted, adding the following definition:

"Sale" shall mean the public auction conducted pursuant to § 18–50–107 *and shall be deemed concluded when the highest bid is accepted ˙by the person conducting the sale.*

Ark.Code Ann. § 18–50–101(10)(Mitchie Supp.1999)(emphasis added). Section 18–50–107 was amended to provide that:

the purchaser at the sale shall be entitled to immediate possession of the property.

Ark.Code. Ann. § 18–50–107(e). Finally, section 18–50–108, governing the effect of sale, was amended to provide:

A sale shall terminate all rights of redemption, and no person shall have a right to redeem the trust property after a sale, *notwithstanding that the deed to and possession of the trust property have yet to be delivered.*

Ark.Code. Ann. § 18–50–108(b)(Mitchie Supp.1999)(emphasis indicating new text). By these amendments to the foreclosure statute, the Arkansas legislature has made it clear that a sale is complete when the highest bid is accepted at the auction. This is so even if the deed has not been delivered or possession transferred.

■ In this case, the high bid was accepted on May 16, 2000, one day prior to the filing of the bankruptcy petition. Thus, on May 16, 2000, under Arkansas law, the debtor's redemption rights ceased, and sale was final for purposes of the Bankruptcy Code. Thus, when the chapter 13 case was filed, on May 17, 2000, the debtor did not possess any rights under Arkansas law with regard to the property. The fact that the creditor may be required to take further steps under Arkansas law to actually obtain possession, *i.e.,* forcibly evict the debtor, does not grant any substantive rights in the property or otherwise reduce the effect of the finality of the sale. Under federal bankruptcy law, since the sale was final under state law, and the debtor had no further rights in the property, he may not include it in his reorganization case. *See In re Crime Free*, 196 B.R. 116 (Bankr.E.D.Ark.1996). Accordingly, Chase Manhattan Bank has demonstrated cause for relief from stay to pursue its state law remedies, including obtaining possession of the real property. *See In re Bobo*, 246 B.R. 453 (Bankr.D.D.C.2000). Moreover, the debtor may not treat the obligation as a long term debt, provide for cure of the arrearage or retain possession of the premises under the provisions of Chapter 13 of the Bankruptcy Code. *Id.* Accordingly, it is

**ORDERED** as follows:

1. the Motion for Relief from Stay After Foreclosure Sale, filed on July 10, 2000, is Granted;

2. The Post Sale Objection to Confirmation of Plan, filed on July 6, 2000, amended on July 10, 2000, is Sustained;

3. The debtor shall file and notice an amended plan which conforms to the directives in this order within twenty (20) days of entry of this Order;

4. The Motion to Stay Order of Confirmation filed by Chase Manhattan Bank, filed on July 31, 2000, is denied as Moot.

**IT IS SO ORDERED.**